Charles B. BRASHEARS, Appellant,

v.

COMMONWEALTH of Kentucky, CAB-
INET FOR HUMAN RESOURCES,
and Tonya Spencer, Appellees.

No. 95–CA–0969–MR.

Court of Appeals of Kentucky.

May 2, 1997.

Cynthia E. Elliott, Appalacian Research and Defense Fund of Ky., Inc., Jackson, for appellant.

Billy L. Oliver, Campton, for appellees.

Before DYCHE, GARDNER and KNOPF, JJ.

KNOPF, Judge.

The Cabinet for Human Resources (Cabinet) has been empowered by legislation to recover child support obligations particularly for children who receive Aid to Families with Dependent Children (AFDC). *See*, KRS 205.710 et. seq. In 1995 the Cabinet filed a motion to set child support against Charles

Brashear for his daughter, Erica. The domestic relations commissioner (DRC) held a hearing and filed a report which concluded that Charles should pay $60.00 per month in child support to the Cabinet. The trial court's order confirmed the DRC's recommendations. Charles appeals.

Charles and his former wife, Tonya Spencer, were divorced in 1993. They had two minor daughters, Erica and Tracey. Tonya was granted custody of Erica and Charles was granted custody of Tracey. At the time of the divorce, neither Charles nor Tonya were employed and thus, both received AFDC benefits for the child of whom they had custody. Additionally, neither Charles nor Tonya were ordered to pay child support for their noncustodial child.

After the Cabinet filed its motion for child support in 1995, the DRC held a hearing.[1] At the hearing Charles admitted he was able-bodied and had a tenth grade education. The DRC also found that Charles had been employed part-time before the hearing but currently was unemployed and had reapplied for AFDC benefits for Tracey. The DRC imposed the statutory minimum child support obligation of $60.00 per month. In this appeal Charles contends that the $60.00 per month child support order is inappropriate and unjust in his case where the combined parental gross income is zero.

The DRC's report states that "in 1994 the Kentucky State Legislature established a minimal amount of child support in all cases of $60.00 per month." The DRC was referring to KRS 403.212(4) which provides:

The child support obligation shall be the appropriate amount for the number of children in the table for whom the parents share a joint legal responsibility. The minimum amount of child support shall be sixty dollars ($60) per month.

The statutory table under KRS 403.212 provides that when the combined monthly adjusted parental gross income is zero ($0.00), then the child support obligation is $60.00. The table also provides that when the gross income is $100.00, then the child support obligation is still $60.00 per month.

■ Charles contends that the DRC's report makes the statutory minimum into a mandatory obligation that cannot be rebutted. He argues that an irrebuttable presumption violates 42 U.S.C. § 667(b)(2), which states that there is a rebuttable presumption that an award of child support is the correct amount. He also cites KRS 403.211(2) which provides:

[T]he child support guidelines in KRS 403.212 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

Charles concludes that the $60.00 minimum should not apply in his case because it results in an unjust outcome. He was not found to be voluntarily unemployed or underemployed with an intent to evade his support obligations. His only source of income is AFDC which is specifically exempted from income under KRS 403.212(2)(b). Furthermore, KRS 205.710(13) states that "a parent shall be presumed to be unable to pay child support from any income received from Aid to Families with Dependent Children or other continuing assistance." Thus, because his only income is AFDC which is intended to benefit Tracey, making Charles pay a child support obligation for Erica, would further impoverish Charles and Tracey. He claims these facts rebut the presumption of the $60.00 obligation and its application would be unjust and inappropriate because the $60.00 per month "would have to come from his AFDC benefits."

■ In response to these arguments, the Cabinet agrees that KRS 403.212(4) is a rebuttable presumption from which the court may deviate where its application would be unjust or inappropriate. The Cabinet claims, however, that merely being a recipient of

---

1. The Cabinet at the time of the DRC hearing had not filed a similar motion against Tonya for unknown reasons.

AFDC does not rebut the presumption that the $60.00 minimum is appropriate for families with no adjusted gross income. We agree with the Cabinet.

Before the $60.00 minimum was established, the child support table in KRS 403.212 started with an adjusted gross income of $100.00. Now, the table clearly starts with an adjusted gross income of zero. The table applies a $60.00 obligation on the noncustodial parent of a family with zero income. Thus, the application of the $60.00 child support obligation is presumed to be correct in all cases where the combined monthly adjusted gross income is between $0.00 and $100.00, unless it can be shown that the application of this guideline would be unjust and inappropriate. KRS 403.211(2). In this case, the combined monthly adjusted gross income was zero. Thus, application of the $60.00 minimum child support obligation for Charles is presumed to be correct unless rebutted.

We do not agree with Charles that his having no gross income rebuts the presumption. To allow the same fact that creates the presumption also rebut the presumption is illogical. The legislature has established that $60.00 is appropriate for families with zero income. Thus, Charles' claim that he has no income is no defense.

■ Charles claims that the DRC did not find that he was voluntarily unemployed or underemployed. He argues that the $60.00 minimum should not apply when these findings have not been made. Again, we do not agree. The DRC found that Charles is able-bodied. The DRC also found that Charles had a tenth grade education and was employed part-time before the hearing. These facts support the application of the $60.00 minimum child support obligation. Determining that Charles is either voluntarily unemployed or underemployed is a completely different analysis for the DRC, than merely applying the guidelines for actual income. Under KRS 403.212(2)(d), if the DRC does find that a parent is voluntarily unemployed or underemployed, then the DRC shall calculate child support on a determination of potential income. This means that the DRC must determine potential income which would be greater than zero income and could require the parent's child support obligation to be more than $60.00 per month. KRS 403.212(2)(d) was not applied in this case and did not need to be, in order to appropriately apply the guidelines to Charles' actual income.

■ Charles alleges that being unemployed and receiving AFDC benefits are extraordinary facts that should allow deviation of the child support guidelines. We do not agree, however, that being unemployed should eliminate a parent's obligation to support his children. Furthermore, receiving AFDC is not an extraordinary fact to justify deviation from the guidelines. *See, Youngblood v. James*, Ky.App., 883 S.W.2d 512 (1994). Charles' receiving AFDC for Tracey is irrelevant to his obligation for Erica. If Charles did not have custody of Tracey, and thus did not receive AFDC, and Charles was unemployed, the situation would remain the same. He would owe $60.00 in child support.

Charles argues that AFDC was not meant to be used to pay child support obligations. To this, we heartily agree. Charles should not use money that is intended to benefit Tracey to pay his obligation for Erica. Tracey should not have to pay for her father's obligations.

Charles may be perplexed as to where he should get $60.00 per month for child support if not from his daughter's AFDC benefits. We suggest earning it. In Charles' appellate brief he states that "the impetus for this legislation [KRS 403.212(4) ] grew out of concern over the inadequate or nonexistent contribution of non-custodial parents towards the support of their children, especially those children who were recipients of Aid to Families with Dependent Children (AFDC). (Kentucky Child Support Enforcement Commission, 1994–95 Annual Report)." We believe that providing a $60.00 minimum child support obligation for zero income families is consistent with encouraging a child support contribution of a non-custodial parent for a child who receives AFDC. In this case, the $60.00 minimum encourages Charles to support his noncustodial daughter, Erica.

Finally, Charles notes that the DRC's report suggests that an order requiring Charles to pay $60.00 per month would not be enforceable until Charles obtained a job, inherits money, or wins the lottery. On the contrary, the order by the trial court appropriately followed the guidelines and is enforceable from the date it was entered.

For these reasons, the trial court is affirmed.

GARDNER, J., concurs.

DYCHE, J., concurs with result.