**Barbara B. KEPLINGER, Movant,**

v.

**Patricia J. KEPLINGER, Executrix of the Estate of Walter E. Keplinger, Respondent.**

Supreme Court of Kentucky.

Jan. 13, 1981.

Richard M. Sullivan, Carroll, Chauvin, Miller & Conliffe, Louisville, for movant.

E. Michael Runner, Harvin & Runner, Louisville, for respondent.

CLAYTON, Justice.

On August 10, 1970, Barbara and Walter Keplinger filed a property settlement agreement in the Jefferson Circuit Court purporting to settle the property rights between them in a pending petition for dissolution. On November 5, 1970, an order was entered incorporating the agreement into the judgment dissolving the marriage. Under the settlement Walter was to pay Barbara $295 per month for child support, insurance, and taxes. Barbara was allowed to remain in the marital residence with the children in exchange for her execution of a quitclaim deed to Walter relinquishing her title and interest in the residence.

In 1978 it was discovered that Walter was suffering from a terminal illness. As a result of his disability the Social Security Administration began paying Barbara $383 per month for support of the children. Upon Walter's motion the trial court modified the settlement agreement and ordered Barbara to pay him $88.80 monthly. This figure represented the difference between the Social Security benefits she received and the installments Walter was paying to her pursuant to the property settlement. The Court of Appeals affirmed the modification and we granted discretionary review.

The 1970 property agreement was intended to be a final settlement of the property rights and claims of the parties. The requisites of a validly executed contract were present. As such the trial court lacked the power to impair the vested contractual rights of the parties by its modification. *Scott v. Scott*, Ky., 529 S.W.2d 656 (1975); *Richey v. Richey*, Ky., 389 S.W.2d 914 (1965).

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are reversed with directions that the original property settlement agreement be reinstated.

All concur.