Marsha A. BOARD, Movant,

v.

**Danny BOARD, Deceased, Gordon Board and Bernett Board, as Co-Executors, Personal Representatives of Danny Board, Respondents.**

Supreme Court of Kentucky.

April 11, 1985.

Rehearing Denied June 13, 1985.

Paul M. Lewis, Dwight Preston, Lewis, Bland & Preston, Elizabethtown, for movant.

Bill V. Seiller, Cindy L. Stone, Louisville, Robert Riley, Robert A. Miller, Brandenberg, for respondents.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment of the circuit court determining that the estate of a deceased father with support obligations was entitled to a credit on social security benefits paid for child support as a result of his death.

The issue is whether the trial court erred in crediting social security payments against child support and the underlying issue is whether a motion for modification pursuant to KRS 403.250 must be made prior to a crediting of social security against child support payments.

Pursuant to a property settlement agreement in the dissolution of the marriage of Danny and Marsha Board, the father agreed to pay the wife $200 a week for the support of their two minor children. The father died three months after the divorce and since his death, the mother, in addition to other benefits, has received $370 per month per child from the father's social security benefits.

Stressing that the wife would receive an unreasonable windfall if she were permitted to receive both child support and social security benefits, the Court of Appeals held that the father's estate was entitled to a credit for the amount of social security. In answer to the wife's argument that such a credit would improperly modify the divorce agreement, the Court of Appeals decided that not permitting a credit would actually modify the agreement.

This Court affirms the judgment of the circuit court and the decision of the Court of Appeals. KRS 403.250 is not the exclusive method to consider the application of social security benefits against child support liability.

Kentucky follows the prevailing view of most jurisdictions in the United States in that government benefits in the form of social security for child support may be credited against the parent's liability under the decree or agreement of settlement. *Hamilton v. Hamilton*, Ky.App., 598 S.W.2d 767 (1980). *See*, Annot., *Right to Credit on Child Support Payments for Social Security or other Government Dependency Payments Made for Benefit of Child*, 77 A.L.R.3d 1315 (1977). The trial judge's finding that the social security benefits were a set-off against child support was within the court's discretion. To do so is not a "modification" as defined by KRS 403.250.

The result is the same whether the child support credit is made pursuant to KRS 403.250(1), that is, a motion to modify child support, or whether it is made as in this case, in defense of a motion for arrearage. There is a distinction between crediting an obligation with payment made from another source and increasing, decreasing or terminating, or otherwise modifying a specific dollar amount.

Here the estate is liable for $866.67 per month as child support. The social security benefits pay a certain amount and the estate remains primarily liable on the en-

tire obligation. The social security benefits are not gratuitous. The husband, through his employment, paid social security taxes and those payments are now generating the replacement of some of the support obligation. Should the social security benefits be changed, the mother or custodian can look to the estate for satisfaction of the basic obligation which remains intact. There is no difference in the amount of payment for child support. The only change is the source of those payments.

*Keplinger v. Keplinger,* Ky., 610 S.W.2d 618 (1981), is not applicable. That case involved a pre-1972 settlement agreement and was not an adjustment of child support in light of social security payments. In *Keplinger, supra,* the amount represented the difference between social security and the installments the husband was paying to a *property* settlement. Here, permitting the wife to receive child support in addition to social security, would result in an unreasonable windfall. The evidence indicates that there are adequate provisions for the children. Allowance of uncredited social security would actually modify the agreement of the parties and result in an unnecessary advantage.

■ Social security benefits are not gratuitous but are paid as a substitute for lost earning power and are similar in nature to insurance benefits. Annot. 77 A.L.R.3d at 1318, § 2(a). For an extended discussion of the rationale in such cases in other jurisdictions, *see, Potts v. Potts,* Iowa, 240 N.W.2d 680 (1976); *Mooneyham v. Mooneyham,* Miss., 420 So.2d 1072 (1982); *Mask v. Mask,* 95 N.M. 229, 620 P.2d 883 (1980); *Binns v. Maddox,* 57 Ala.App. 230, 327 So.2d 726 (1976).

Here there is no abuse of discretion and the findings are not clearly unreasonable. Consequently there is no reason to disturb the findings of the trial court.

Nothing in this opinion inhibits the right of the custodial parent to seek modification under KRS 403.250 when appropriate.

The decision of the Court of Appeals is affirmed.

All concur, except STEPHENS, C.J., who dissents by separate opinion.

VANCE, J., concurs in the result of the majority opinion.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in its holding that social security payments be automatically credited against a child support obligation.

The trial court had credited social security payments to the support obligation of the father's estate without any motion or showing by the estate, but merely in response to the mother's motion for collection on arrears. The exclusive method for modifying a child support order is found in KRS 403.250(1), which requires that a child support order can be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Thus, although the trial judge has the right to make a set-off, he can do so only upon the motion of the paying parent which shows sufficient changed circumstances.