### 43917. BELL v. BELL.
(356 SE2d 869)

Smith, Justice.

Five years after the Bells' divorce, the appellee, Mrs. Bell, began receiving Social Security old age insurance benefits based on her former husband's work record. When she began receiving the Social Security checks, the appellant, without attempting to seek modification pursuant to OCGA § 19-6-19, began to reduce his alimony payments

to the appellee by the amount of her Social Security check. The trial court held that the appellant was not entitled to an automatic set-off and found him in contempt. We affirm.

The Bells had been married for 38 years when the appellant filed a petition for divorce. During their marriage, the appellee worked in the home and did not make any contributions to Social Security, while the appellant worked outside of the home and did make contributions to Social Security.

After a non-jury trial, the appellant was ordered to pay the appellee "for her support, maintenance and alimony, the sum of $800.00 per month . . . until such time that [she] remarry or die. Upon [the appellant's] retirement or at any time thereafter, [he] shall then pay [her] for her support, maintenance and alimony, an amount equal to one-half of his total income, or $500.00 per month, whichever sum shall be greater. 'Total income' shall be defined as income from whatever source derived, including but not limited to Social Security payments to him, retirement or pension plans, annuities, dividends, interest, salary from part-time employment, and other sources of income."

The appellant contends that the trial court erred in holding that he is not entitled to a credit against his monthly alimony payments for the amount the appellee receives directly from Social Security based on his work record.

A divorced wife is *entitled*, pursuant to 42 USCA 402 (b) (1), to insurance benefits if she fulfills the requirements set forth in 42 USCA 402. Thus, under federal law the insurance benefits belong to the appellee. We have recognized that a wife's "efforts toward the furtherance of her husband's career [contribute] to the accumulation of . . . retirement benefits, and that [the] efforts [are] made with the expectation that [the] retirement benefits [will] provide her with some measure of personal security and future well-being." *Courtney v. Courtney*, 256 Ga. 97, 99 (344 SE2d 421) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 18, 1987.

*Bauer, Deitch & Raines, Gilbert H. Deitch,* for appellant.
*Clifford Oxford, Alex G. Smith,* for appellee.