**Clara WILLIAMS, Appellant,**

v.

**James M. WILLIAMS, Appellee.**

**No. 89-SC-340-DG.**

Supreme Court of Kentucky.

May 24, 1990.

Wm. Donald Overbey, Overbey and Overbey, Murray, for appellant.

Robert Hines, Jr., Hines & Hines, Len W. Ogden, Jr., Paducah, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which permitted the husband to take a credit from his $500 per month maintenance obligation for the amount the wife receives from her monthly social security benefits.

The legal issue is whether the judgment and settlement agreement included therein dated July 10, 1970, was a settlement of the parties' property rights and renders the husband's obligation for maintenance unmodifiable.

The parties were married for the first time in 1941 and divorced in 1968. Within five months they remarried on December 5, 1968. On July 10, 1970, they were divorced for the second time and the circuit court approved a separation agreement which awarded the bulk of the marital estate to the husband but required him to pay the wife the sum of $500 per month for maintenance until she remarried or died. In 1987 the wife sought to hold the husband in contempt for his failure to pay maintenance for approximately two and a half years. The circuit judge refused to accept the claim by the husband of extreme hardship and that he should be given a credit for the wife's social security benefits. The Court of Appeals reversed that part of the trial court's judgment disallowing a credit for the social security benefits. The Court of Appeals held that the husband was entitled to a credit for social security benefits and stated that it believed there was an apparent conflict in the case law between *Board v. Board,* Ky., 690 S.W.2d 380 (1985) and *Keplinger v. Keplinger,* Ky., 610 S.W.2d 618 (1981). This Court accepted discretionary review.

In this case the 1970 property settlement agreement made no provisions for adjustments of maintenance due to subsequent social security benefits to which the wife has since become entitled. The agreement did not concern child support. The trial judge found that the husband was a successful owner of an auto parts business which had produced revenues in excess of $1 million per year, whereas the wife's sole

income was the $376 per month social security check.

The preface to the 1970 agreement clearly designates that the instrument is the final settlement of all of the parties' property rights as distinguished from a provision for a mere right of support. *Richey v. Richey*, Ky., 389 S.W.2d 914 (1965). The only reservation in the agreement which would allow a modification of the $500 a month maintenance payment was for a showing of extreme hardship or change of circumstances as contemplated by the statute. K.R.S. 403.250; *Cf. Gann v. Gann*, Ky., 347 S.W.2d 540 (1961). We agree with the trial judge that the husband failed to make any showing of extreme hardship or a change in circumstances which would justify modification.

The proper application of any legal principle is governed by the facts of a particular case. In resolving the possible use of social security credit in any modification of a domestic settlement, we must first look at the facts. This case involved a pre–1972 property settlement *only*. *Board, supra*, is a 1980 matter dealing with child support *only*. *Keplinger* was a pre–1972 property agreement which purported to consider both child support and property rights. There is no apparent or necessary conflict between *Board* and *Keplinger* because each case applies to a different factual situation. *Board* held that a husband's estate was entitled to a credit for social security death benefits paid for child support against the estate's obligation for child support. *Board* carefully distinguished *Keplinger*. *Keplinger*, was a pre–1972 settlement agreement governing *all* the property rights of the parties. *Board* is not in conflict because it relates only to child support.

In contrast, this case involves social security benefits the wife has earned a right to receive by virtue of her marital relationship. A divorced spouse is entitled to benefits if the requirements of 42 U.S.C.A. § 402(b)(1) are fulfilled. *Bell v. Bell*, 257 Ga. 172, 356 S.E.2d 869 (1987). In this case the wife has clearly met the statutory requirements.

Other states which have considered the question have held that such benefits represent the amounts the wife has earned by virtue of her status under the social security law as a result of her participation in and contribution to the marriage. *Bell, supra; Craver v. Craver*, Mo., 649 S.W.2d 440 (1983). This is analogous to the marital rights acquired by either spouse as a result of the marital relationship. *Cf. Goderwis v. Goderwis*, Ky., 780 S.W.2d 39 (1989); *Marcum v. Marcum*, Ky., 779 S.W.2d 209 (1989); *Walters v. Walters*, Ky., 782 S.W.2d 607 (1990). The wife's entitlement is by virtue of her prior marriage to the husband and does not reduce the benefits payable to the husband. *See Craver, supra; Richard v. Richard*, Tex. App., 659 S.W.2d 746 (1983). Therefore social security payments made through the account of the party charged do not constitute payments made by that party himself.

If the intentions of the parties had been to contract in the settlement agreement to permit a set off for social security payments, the settlement agreement should have so provided. *Cf. Skelton v. Skelton*, Fla., 449 So.2d 428 (1984).

It is the holding of this court that a pre–1972 property settlement which makes no provision for an adjustment of maintenance due to subsequent social security benefits is not modifiable. The agreement was a determination of the property rights as distinguished from a right of support.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is reinstated.

COMBS, GANT, LAMBERT and VANCE, JJ., concur.

LEIBSON, J., dissents by separate opinion in which STEPHENS, C.J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

It may be that the result in this case is more equitable than a contrary result. But it is more important to provide stability in this area of the law than it is to try to do equity case by case. Thus, I respectfully

disagree with what I regard as a result oriented decision (perhaps suitable for this case), supported by reasoning in the Opinion that leaves us with the same uncertainty we started with.

We took this case for discretionary review because, as the Court of Appeals' Opinion points out, there are two conflicting lines of authority on the question whether a former husband is entitled to credit against his post-divorce obligations of support for U.S. Government social security benefits paid to a former wife or child solely because of the husband's earnings.

In *Keplinger v. Keplinger*, Ky., 610 S.W.2d 618 (1981), a divorced father became disabled and the Social Security Administration started paying the ex-wife $383 a month in child support. The trial court held the former husband was entitled to credit against the amount specified for child support in the property settlement agreement, which was incorporated in the divorce decree, in the amount of the social security benefits now received because of his disability. We reversed, holding "the trial court lacked the power to impair the vested contractual rights of the parties by its modification." *Id.* at 619.

Four years later in *Board v. Board*, Ky., 690 S.W.2d 380 (1985), where the "issue" was "whether the trial court erred in crediting social security payments against child support," we held:

> "Kentucky follows the prevailing view of most jurisdictions in the United States in that government benefits in the form of social security for child support may be credited against the parent's liability under the decree or agreement of settlement." *Id.* at 381.

In *Board*, like *Keplinger*, the amount of child support had been fixed by "a property settlement agreement in the dissolution of the marriage." *Id.* Nevertheless, we stated *Keplinger* was "not applicable," providing an explanation which was, in my opinion, a distinction without a difference. This was a mistake. It simply perpetuated two divergent lines of authority dealing with the same problem. It is a mistake which we have not only repeated, but exacerbated, in this case. The result is divorce litigants, practitioners and the trial courts have no way of knowing what rule will be applied when the subject is the right to credit against post-judgment maintenance and support obligations for social security benefits paid as a result of the earnings of a former spouse.

In *Board*, and in the present case, we make reference to the fact *Keplinger* "involved a pre–1972 settlement agreement." It is true that in 1972 the concept of alimony was modified by the new no-fault divorce law to the concept of maintenance. But this change is not implicated in the problem before us in these cases. That problem is whether it is a "modification" of the settlement agreement to give credit against the obligation fixed in the agreement when years later a spouse begins receiving social security benefits because of the earnings of her former spouse, or whether it is a "modification" *not* to give such credit. Which way is in fact a "modification" is simply a word game. We need a consistent rule, one way or the other, to put an end to this word game where the parties have failed to do so by language in their settlement agreement and the court has failed to do so by language in the Decree of Dissolution.

At present the concept of "maintenance" for a former spouse, as provided for in KRS 403.200, and the concept of child support as provided for in KRS 403.210, do not differ in any way that is material to the issue before us. Thus, we need a rule that is both consistent and applicable to both. In my judgment we should utilize the rule in *Board v. Board*, giving credit when support is later provided through social security benefits, partly because *Board* is a decision later in time, but mostly because I believe giving a credit is a better rule in most cases, more equitable and closer to the original understanding of the parties about the nature of the obligation. Certainly, this is so in those cases where there was no agreement and the obligation was fixed by the court. There is no significant difference when there is an agreement but

it fails to foresee or provide for the advent of social security.

Nevertheless, I would consider adopting the *Keplinger* result rather than the *Board* result, if only we would provide stability to the law by offering one consistent rule. Post-divorce litigation is harmful to the parties involved and even more harmful to their children. Insofar as possible, we need rules regulating the rights of the parties that are clear and unambiguous, and easily applicable, rules that will diminish the need and desire to litigate. The present decision is counterproductive to this end.

STEPHENS, C.J., joins this dissent.