**Andrew G. BUSTIN, Movant,**

v.

**Norma Jean BUSTIN and Michael L. Judy, Respondents.**

**No. 96–SC–1111–DG (95–CA–1045).**

Supreme Court of Kentucky.

June 18, 1998.

Christopher M. Hill, William D. Kirkland, McBrayer, McGinnis, Leslie and Kirkland, Frankfort, for movant.

Michael L. Judy, Richard M. Guarnieri, Johnson, Judy, True & Guarnieri, Frankfort, for respondents.

## MEMORANDUM OPINION
## OF THE COURT

This child-support case presents the issue of whether the 1992 amendment of KRS 403.213(3) mandatorily postpones termination of the support obligation for a child who is a high-school student upon attaining majority. The Court of Appeals held the amendment to have such effect. Having taken discretionary review, we affirm.

When Andrew and Norma Bustin divorced in 1988, the court's judgment incorporated their agreement that Andrew should pay support for their three children "until each child becomes 18 years of age." That arrangement was fully consistent with KRS 403.250(3). The statute read:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for support of a child shall be terminated by emancipation of the child. . . .

In 1990, the subsection was removed from section 403.250 and became KRS 403.213(3).

In 1992, the statute was amended to provide:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for support of a child shall be terminated by emancipation of the child unless the child is a high school student when he reaches the age of eighteen (18). In cases where the child becomes emancipated because of age, but not due to marriage, while still a high school student, the court ordered support shall continue while the child is a high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19). . . .

In August, 1992, shortly after the amendment became law, the Bustins' eldest child, Stephanie, turned 18, and Andrew stopped paying support for her. Asserting the amended statute, Norma promptly moved the court to require Andrew to continue paying child support for Stephanie, who had repeated her junior year of high school and would be a senior in the forthcoming school year. (While that question was pending resolution in the trial court, the Bustins' second child, Jeanette, turned 18 in December, 1994, while still a high-school student, prompting a second instance of the identical issue.)

The trial court ruled that Andrew was not obligated to provide support for either child beyond her 18th birthday. It reasoned primarily that the opening clause of the statute, "Unless otherwise agreed . . ." creates a general exception to the remaining provisions, which exception would neatly accommodate the 1988 agreement and decree that support would terminate when each child reached age 18.

Reversing on this issue, the Court of Appeals reasoned that, "the statutes, not contracts, define the minimum duty of child support"; and, "although parties may otherwise agree in writing to extend the duration of child support beyond the statutory minimum, they cannot enforce a contract that provides less." That rationale, however accurate, does not quite dispose of the issue presented, to-wit, what *does* the statute require?

■ Andrew does not challenge the General Assembly's authority to impose an obligation to pay child support beyond emancipation if the child is a high-school student. His principal argument, and the trial court's conclusion, is that the "Unless otherwise agreed ..." clause limits the entire subsection, wherefore the statute by its own terms mandates continued support only if there is no agreement or decree terminating the obligation upon emancipation. This question did not appear and was not decided in *Leathers v. Ratliff,* Ky.App., 925 S.W.2d 197 (1996), which affirmed a trial-court order for continued support until age 19, where the pre-amendment order did not define a termination date, but was by its terms effective until further orders of the court. Unlike *Leathers,* the present case places the "Unless otherwise agreed ..." clause directly in issue.

■ As Norma observes, the clause was not introduced by the 1992 amendment, but has been part of the statute since its enactment in 1972. The original language is readily interpreted as intending to provide a means whereby the parties by agreement or the court by decree may extend the support obligation beyond emancipation of the child. Andrew suggests that the literal language might also accommodate termination *prior* to emancipation. This proposition fails, in our view, as it is settled that a parent's obligation to support his/her minor child cannot be waived. *Whicker v. Whicker,* Ky.App., 711 S.W.2d 857 (1986). *See also* KRS 403.211 *et seq.*

Andrew's cited authorities, argued to be analogous, do not persuade that an agreement between the parties may terminate a support obligation in derogation of current statutes. *Showalter v. Showalter,* Ky., 497 S.W.2d 420 (1973), and similar cases dealing with the statutory change in the age of majority from 21 to 18, while treating parties' contracts and intentions at the time of contracting, do not hold that such agreements serve to terminate support obligations otherwise imposed by statute. In the Minnesota decision of *Kleinhuizen v. Kleinhuizen,* 354 N.W.2d 588 (Minn.App.1984), a 1983 statutory amendment allowing for extension of the support obligation for an individual under age 20 still attending secondary school was held not to apply where the original child-support order was entered in 1982, at which time the obligation would end when the child reached 18. The statutory amendment, however, provided by its terms that it should apply to awards made in actions for dissolution commenced after its effective date in 1983. Our statute has no similar limitation, and has been held to apply to support orders preceding the amendment. *Leathers v. Ratliff, supra.* The decision in *Keplinger v. Keplinger,* Ky., 610 S.W.2d 618 (1981), vindicated a contractual property settlement; it should not be read as holding that a contract may prohibit modification of child support. *See Board v. Board,* Ky., 690 S.W.2d 380 (1985); KRS 403.180(6).

We conclude that the intent of the original language of KRS 403.213(3) was to permit an agreement to extend, but not to curtail, the statutory duration of the support obligation. The 1992 amendment renders the statute more complex, as its first sentence now contains two "unless" clauses. It is clear, however, that the legislative intent was to mandate an extended obligation in circumstances where the beneficiary of the support is still in high school upon his or her emancipation by reason of age. There is nothing to indicate an intention to provide for termination of the obligation, or abrogation of the extension, by agreement of the parties. We believe it is correct to read the clause, "unless the child is a high school student when he reaches the age of 18," as qualifying the general rule that provisions for support shall be terminated by emancipation. The amendment has no apparent effect upon the initial "Unless otherwise agreed ..." clause or its intended func-

tion as a more general, permissive exception to termination upon emancipation, to permit extension of the child-support obligation by agreement or decree.

The decision of the Court of Appeals is affirmed. The matter is remanded to Franklin Circuit Court for proceedings in accordance with that decision, except as it may have been modified herein.

All sitting. All concur.