## S05F1095. RABEK v. KELLUM.

(620 SE2d 387)

MELTON, Justice.

In this discretionary appeal regarding the equitable division of retirement benefits pursuant to a divorce decree, William Rabek appeals, contending that the trial court erred by failing to exclude from division an amount from his federal pension plan equivalent to social security benefits he would have otherwise been paid. Pretermitting the efficacy of Rabek's contention, see *Cornbleth v. Cornbleth*, 580 A2d 369 (Pa. Super. 1990), he failed to provide the trial court with any evidence of the amount, if any, which should have been excluded, and as such, the trial court did not err.

Ponica Kellum brought this divorce action against William Rabek, her common law husband, after 25 years of marriage. Following a bench trial on the sole issue of division of the parties' retirement

assets, the trial court entered an amended final judgment and decree of divorce providing for, inter alia, an equal division of the retirement assets, exclusive of Kellum's social security retirement benefits. Rabek thereafter filed an application to appeal from the final divorce decree, which we granted pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

Rabek contends that the trial court erred when it failed to deduct an amount in lieu of social security benefits from the value of his civil service pension when determining equitable distribution of the marital retirement accounts. Rabek is employed by the Federal Aviation Commission as an air-traffic controller and participates in the federal Civil Service Retirement System (CSRS) pension plan. By virtue of his participation in CSRS, Rabek does not participate in social security. Kellum is employed by a private employer and participates in a pension plan as well as in the social security system. Unlike a pension, her social security retirement benefits are precluded by federal statute from consideration by state courts as marital property and thus are not subject to equitable division. See 42 USC § 407 (a); *Lanier v. Lanier*, 278 Ga. 881 (1), n. 2 (608 SE2d 213) (2005).[1]

Relying on *Cornbleth v. Cornbleth*, supra, Rabek contends that a portion of his civil service retirement benefits should be characterized as being provided "in lieu" of social security and separated from the total amount of his pension when that asset is considered for equitable division. The *Cornbleth* ruling was premised on the conclusion by the Pennsylvania Court, that to the extent a portion of a civil service employee's pension could be characterized as "hypothetical" social security benefits, that portion should be treated similar to social security benefits and the value of the benefit that would have accrued under social security during the marriage excluded from the marital estate.[2]

While we recognize that whether to allow a portion of a civil service pension benefit plan to be exempted from marital property as imputed social security benefits is an issue of first impression, we pretermit whether this Court is inclined to adopt the *Cornbleth*

---

[1] The anti-assignment clause of the Federal Social Security Act, 42 USC § 407 (a), bars payments received as social security benefits from distribution in marital property division. However, § 402 of the Act specifically contemplates old-age and disability social security benefits for a divorced spouse. See *Bell v. Bell*, 257 Ga. 172 (356 SE2d 869) (1987).

[2] Jurisdictions are divided on the issue of whether any portion of a pension that is considered a replacement for social security benefits should be exempted from the marital estate. See *Jefferies v. Jefferies*, 895 P2d 835 (Utah App. 1995); *Loudermilk v. Loudermilk*, 397 SE2d 905 (III) (W. Va. 1990) as examples of jurisdictions that hold that retirement plans that are "in lieu" of social security benefits are included in marital estate. Jurisdictions that allow social security replacement plans to be exempted from marital property include *Walker v. Walker*, 677 NE2d 1252 (Ohio App. 1996) and *Cornbleth v. Cornbleth*, supra.

analysis because the record in this case is devoid of any evidence of the value or amount of the portion of the CSRS pension Rabek claims constitutes the imputed social security benefits. Absent evidence of a specified value of the marital portion of these benefits Rabek claims, the trial court was not in a position to make a determination whether the value of Rabek's pension should be reduced before making the equitable award of the retirement assets.

The law is well-settled that retirement benefits acquired during the marriage are marital property subject to equitable division. *Hipps v. Hipps*, 278 Ga. 49 (1) (597 SE2d 359) (2004); *Courtney v. Courtney*, 256 Ga. 97, 99 (2) (344 SE2d 421) (1986). In the instant case, the trial court, after considering all of the relevant evidence presented at trial, exercised its broad discretion to divide the marital property on an equitable basis. *Wright v. Wright*, 277 Ga. 133 (3) (587 SE2d 600) (2003). Although Rabek contends the trial court should have designated the hypothetical social security benefits as non-marital property, he failed to present sufficient evidence to the trial court to permit any calculation of the value of that asset at the time of trial. Accordingly, we find no merit in Rabek's assertion that the trial court erred in its equitable distribution of the marital property, including its consideration of the entire civil service pension plan as marital property.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2005.

*Brown & Romeo, Robert T. Romeo*, for appellant.
*Thomas F. Tierney*, for appellee.