### S07F1634. TAYLOR v. TAYLOR.
(656 SE2d 828)

CARLEY, Justice.

Shelia J. Taylor (Wife) filed for divorce and entered into a partial settlement agreement with Charles Y. Taylor (Husband). The trial court approved the agreement and, at the final hearing, considered only two issues, equitable division with respect to the parties' pensions and attorney's fees. The trial court entered a final divorce decree, approving and incorporating the parties' agreement, making an equitable division award to Wife based upon her and Husband's pension contributions as employees, and ruling that each party shall be responsible for his or her own attorney's fees. Wife applied for discretionary review, which we granted pursuant to our Pilot Project in divorce cases.

1. Each party has vested pension benefits which were acquired during the marriage. The evidence showed the amount of contributions to Husband's retirement account by both him and his employer, as well as the amount of his benefits if he ceased the employment immediately and either began drawing benefits at that time or waited until age 65. With respect to Wife, the evidence showed her own contributions to her retirement account and the amount of benefits if she ceased her employment immediately and began drawing benefits at age 60. The trial court awarded Wife one-half of the difference between her own pension contribution and the greater amount of Husband's pension contribution. Wife contends that the trial court abused its discretion in failing to classify the employer contributions to the parties' pension accounts as marital property and equitably to divide the parties' entire pension benefits.

"The law is well-settled that retirement benefits acquired during the marriage are marital property subject to equitable division. [Cits.]" *Rabek v. Kellum*, 279 Ga. 709, 711 (620 SE2d 387) (2005). See also *Courtney v. Courtney*, 256 Ga. 97, 99 (2) (344 SE2d 421) (1986). This is true of both vested and unvested benefits. *Andrews v. Whitaker*, 265 Ga. 76, 77 (4) (453 SE2d 735) (1995). However, the trial court never expressly found otherwise.

In a bench trial, the court sits as the finder of fact and, as such, is charged with the responsibility of determining whether and to what extent a particular item is a marital or non-marital asset and then exercising its discretion and dividing the marital property equitably. The final judgment and decree of divorce entered in the case at bar contains the results of that process but does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. [Cits.] However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment ([cits.]), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact.

*Crowder v. Crowder*, 281 Ga. 656, 658-659 (642 SE2d 97) (2007). " '[A]n equitable division of marital property does not necessarily mean an equal division. (Cit.) . . .' [Cit.]" *Fuller v. Fuller*, 279 Ga. 805, 808 (3) (621 SE2d 419) (2005). The trial court has a broad discretion to make an equitable division of retirement accounts upon consideration of all the relevant evidence. *Rabek v. Kellum*, supra. That evidence was conflicting in this case. See *Mathis v. Mathis*, 281 Ga. 865, 867 (642 SE2d 832) (2007). Numerous factual variables must be considered in the equitable division of pensions. *Courtney v. Courtney*, supra. It appears that, after considering all of the relevant facts and circumstances regarding the parties' marriage, the trial court, sitting as the trier of fact, was not even required to award Wife any of Husband's retirement account. See *Stanley v. Stanley*, 281 Ga. 672 (1) (642 SE2d 94) (2007). Although that account was marital property, the trial court was at least authorized to find, and may indeed have found, that, in light of Wife's own vested retirement benefits, the evidentiary absence of certain details regarding her pension, the evidence regarding her earnings potential, and other factors, an equitable distribution could best be achieved by actually dividing only the parties' contributions as employees to their pensions. "The judgment does not show otherwise. Thus, we cannot conclude that the trial court made an erroneous finding or improperly applied the law to its finding." *Messaadi v. Messaadi*, 282 Ga. 126, 128 (1) (646 SE2d 230) (2007).

2. The trial court's denial of attorney's fees is also enumerated as error. Wife

contends the trial court abused its discretion by failing to consider the parties' financial circumstances when it denied [her] request for attorney's fees. However, a review of the record shows that, after a thorough consideration of the parties' financial circumstances, the trial court denied [Wife]'s request for attorney's fees. In doing so, the trial court did not abuse the discretion granted to it by OCGA § 19-6-2 (a) (1). [Cits.]

*Stanley v. Stanley*, supra at 674 (4).
   *Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 28, 2008.

*Deanna H. Powell*, for appellant.
*Diana Lynch*, for appellee.