S11F1978. HAMMOND v. HAMMOND.
(722 SE2d 729)

THOMPSON, Justice.

In this divorce case, wife asserts, inter alia, the trial court erred in calculating wife's interest in husband's pension and in ordering husband to pay wife alimony in the amount of $1,250 per month once husband's pension matures. Finding no abuse of discretion, we affirm.

Wife, Gay Hobgood Hammond, and husband, James Brian Hammond, were divorced on September 15, 2010. Husband, a college professor, was earning approximately $8,300 per month. Wife's monthly income, beginning August 15, 2010, was approximately $3,980. The parties were heavily indebted and had very little in the way of assets, with the exception of the marital residence (in which the parties' equity totaled $19,884), automobiles, and husband's Teachers Retirement System of Georgia pension.

Husband's pension was the only significant marital asset. See *Taylor v. Taylor*, 283 Ga. 63 (656 SE2d 828) (2008) (pension can be marital property and subject to equitable division). It was vested, but it had not yet matured. Pursuant to Georgia law, husband's pension could not be attached, subjected to process, or assigned. See OCGA § 47-3-28. The parties stipulated that as of August 31, 2009, husband's monthly retirement benefit, assuming a 50 percent survivor annuity, would be $3,238.

After hearing evidence and the testimony of the parties, the trial court entered a final judgment and decree in which it equitably divided the marital property. In so doing, the trial court awarded the marital residence to wife (subject to the unsatisfied mortgages); it awarded automobiles to both husband and wife; it required husband to pay debts totaling approximately $52,000, and wife to pay debts having an approximate balance of $8,800. The trial court also ordered husband to pay periodic alimony of $750 per month for 24 months and $4,075 in attorney fees. Finally, with regard to husband's pension, the trial court ordered husband to pay wife alimony in the amount of $1,250 per month, starting the first month husband receives his monthly pension benefit.

Wife sought discretionary review of the trial court's judgment. We granted her application under this Court's pilot project for divorce cases (now Supreme Court Rule 34 (4)), and wife filed a timely notice of appeal.

1. Wife asserts the trial court erred as a matter of law in determining the amount of the award of alimony pertaining to husband's pension benefit because it bears no relation to the correct valuation of the pension. In this regard, wife posits that the trial court should have utilized the time rule formula, which determines the marital interest in a pension by dividing the number of marital years that the employee spouse earned toward the pension by the number of years of total service toward the pension. See *In re Marriage of Hunt*, 909 P2d 525, 531 (Colo. 1995). While the percentage derived from this formula can be used to determine the equitable distribution of a pension plan, it was at wife's urging that the trial court chose to evaluate and "distribute" the pension in this case as alimony. A trial court is "given a wide latitude in fixing the amount of alimony and child support" *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005), and we find no abuse of that discretion here. Further, a party will not be heard to complain of error induced by their own conduct, nor of error expressly invited during the course of trial. *Williamson v. Strickland & Smith*, 296 Ga. App. 1 (1) (673 SE2d 858) (2009). Accordingly, the trial court did not abuse its discretion in choosing to award Wife a specific dollar amount, rather than a percentage of the pension benefit, as alimony.

Wife also contends that the trial court erred in evaluating the alimony payment based on the assumption that husband ceased participation in the pension plan beginning on August 31, 2009 — ten months before the June 9, 2010 hearing date. However, the parties introduced evidence evaluating the pension as of that date, and neither party took steps to obtain and present updated pension values at the time of the hearing.

Finally, wife contends the trial court erred in calculating that the amount of alimony stemming from husband's pension should be $1,250 per month. We disagree.

> Alimony is defined in OCGA § 19-6-1 (a) as "an allowance out of one party's estate, made for the support of the other party when living separately." Subsection (c) goes on to provide that "alimony is authorized, but not required, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." In addition, OCGA § 19-6-5 (a) sets out factors to be considered in determining the appropriate amount of alimony to be awarded, including the parties' standard of living, the duration of the marriage, the age and condition of the parties, their financial resources, the time and training necessary for either party to acquire employment skills, and the contributions of each party to the marriage. Under

these statutes, it is clear that the fact of potential retirement benefits falls among these considerations and is relevant to the alimony issue. *Mullinax v. Mullinax*, 234 Ga. 553 (216 SE2d 802) (1975).

*Courtney v. Courtney*, 256 Ga. 97 (1) (344 SE2d 421) (1986). In making its alimony award, the trial court properly considered, inter alia, the value of the pension, the overwhelming marital debt, husband's contribution of inherited assets to the marriage, and wife's recent promotion (accompanied by a raise in salary and benefits). Based on these considerations, and the wide latitude given the trial court in fixing the amount of alimony, it cannot be said that the trial court abused its discretion in setting alimony at $1,250 per month. Id.

2. Wife contends the trial court abused its discretion in dividing the resources acquired during the marriage. In this regard, wife claims she was awarded approximately $18,000 (for the equity in the marital residence) of the parties' net economic resources while husband was awarded approximately $943,000 (the alleged present day value of husband's pension).[1]

The trial court is vested with broad discretion in equitably dividing marital assets and "[n]umerous factual variables must be considered in the equitable division of pensions. [Cit.]" *Taylor v. Taylor*, supra at 283 Ga. 64. Considering all of the relevant facts and the parties' economic circumstances, we find no abuse of discretion in the division of the marital assets. This is especially so in view of the fact that the trial court awarded wife alimony in lieu of dividing husband's pension, as well as periodic alimony, and the marital residence.

3. In awarding wife the marital residence, the trial court decreed: "[Wife] shall have the sole right to claim one-half of the mortgage interest . . . as itemized deductions on her income tax returns." Wife asserts the trial court erred in this regard because, even if wife pays all of the mortgage interest, she can only claim one-half of the mortgage interest deduction. We find no reversible error because the decree does not limit wife's right to claim more than one-half of the mortgage interest deduction. On the contrary, the decree simply makes it clear that wife (who was to begin making the mortgage payments on July 1, 2010, i.e., after approximately one-half of the calendar year) would be entitled to claim *at least* one-half of the mortgage interest deduction in any calendar year. Thus, the effect of this ruling was to limit husband's, not wife's,

---

[1] The evidence showed that if the pension were liquidated, husband would receive approximately $109,000.

ability to claim the mortgage interest deduction.

4. The trial court did not abuse its discretion in requiring wife to indemnify husband and hold him harmless for debts the trial court ordered her to pay.[2] Contrary to wife's assertion, the trial court's order will not foster future litigation between husband and wife. It simply gives husband another way to protect himself in the event wife fails to fulfill her obligations under the decree. See generally *Rogers v. McGahee*, 278 Ga. 287, 290 (602 SE2d 582) (2004).

5. An award of attorney fees is a matter which lies wholly within the sound discretion of the trial court. OCGA § 19-6-2; *Sponsler v. Sponsler*, 287 Ga. 725, 727 (699 SE2d 22) (2010). It cannot be said that the trial court abused its discretion in awarding wife attorney fees in the amount of $4,074.

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., who concurs in Divisions 1, 2, 4, and 5 and in the judgment.*

DECIDED FEBRUARY 6, 2012.

*Carol A. Walker*, for appellant.
*Smith, Gilliam, Williams & Miles, Kelly A. Miles, Keith J. Whitaker*, for appellee.

---

[2] The trial court also required husband to indemnify wife and hold her harmless for debts he was ordered to pay.