**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 28, 2021**

# In the Court of Appeals of Georgia

A21A0056. PRYCE v. PRYCE.

COLVIN, Judge.

We granted Maurice Pryce ("Husband")'s application for discretionary review of from the trial court's final judgment and decree of divorce.[1] On appeal, he argues that the trial court erred by failing to incorporate a permanent parenting plan in the divorce decree that fully complies with OCGA § 19-9-1 and by failing to include uninsured healthcare expenses for the minor children in the child support worksheet. Husband also argues that the trial court erred by requiring Husband to pay the Guardian ad Litem fees and Wife's attorney fees, by ordering Husband to pay alimony, by awarding Wife half of Husband's retirement plan, and otherwise erring in its allocation of the marital proceeds. For the following reasons, we affirm in part,

---

[1] Appellee Lesia Pryce ("Wife") did not file a brief in this court.

but we vacate the trial court's divorce decree and incorporated child support worksheet so that it may fully comply with OCGA § 19-9-1.

So viewed, the record shows that in May 2019, Husband filed a complaint for divorce against Wife. Following a temporary hearing, the trial court awarded Husband primary physical custody of the parties' two minor children, ordered that the parties have joint legal custody, ordered that Wife have visitation, awarded Wife $800 per month in temporary periodic alimony and $2,000 for attorney fees, but did not award any child support pursuant to a stipulation by the parties. The trial court appointed a Guardian ad Litem ("GAL") to represent the best interests of the children, ordered Husband to pay $1,750 and Wife to pay $750 to the GAL.

Following a final hearing, the trial court issued a final judgment and decree of divorce. In the decree, the trial court awarded primary physical custody of the children to Husband and joint legal custody. The decree directed the parties to consult with each other on major decisions about the children, but Husband's decision would control if they could not agree. It further ordered that the party with physical custody of the children could make decisions regarding the day-to-day care of that child, including emergency decisions regarding health and safety.

The decree ruled that Wife could visit with the children as the parties mutually agreed and provided a visitation schedule in the event that the parties could not agree. The decree also ruled that each party should have free and open access to the children's medical and academic records and that the schools were directed to release custody of the children to either party. The decree did not provide other rulings regarding custody and visitation, and did not include or incorporate a separate parenting plan.

The divorce decree also awarded $390 in monthly child support to Husband and $1190 in monthly alimony to Wife until Wife died or remarried, and directed the parties to "net out" their respective child support and alimony payments so that Husband was to pay Mother $800 monthly while both obligations lasted. The decree order further awarded one-half of Husband's retirement plan, which amounted to approximately $131,000, to Wife, and directed Husband to maintain health insurance for the two minor children. It also ordered Husband to pay $2,000 of Wife's attorney fees and expenses and to pay the balance of the GAL fees.

1. Husband argues that the trial court erred by failing to incorporate a permanent parenting plan into the final order. We agree.

OCGA § 19-9-1 (a) states in pertinent part "[t]he final order in any legal action involving the custody of a child, including modification actions, *shall* incorporate a permanent parenting plan as further set forth in this Code section[.]" (Emphasis supplied.) Under OCGA § 19-9-1 (b) (1), unless otherwise ordered by the court, a parenting plan "shall include" the following:

> (A) A recognition that a close and continuing parent-child relationship and continuity in the child's life will be in the child's best interest; (B) A recognition that the child's needs will change and grow as the child matures and demonstrate that the parents will make an effort to parent that takes this issue into account so that future modifications to the parenting plan are minimized; (C) A recognition that a parent with physical custody will make day-to-day decisions and emergency decisions while the child is residing with such parent; and (D) That both parents will have access to all of the child's records and information, including, but not limited to, education, health, health insurance, extracurricular activities, and religious communications.

Under OCGA § 19-9-1 (b) (2), unless otherwise ordered by the court or agreed upon by the parties, the parenting plan "shall include, but not be limited to" the following: when a child will be in each parent's physical care, how holidays and school breaks will be spent with each parent, transportation arrangements, whether supervision will be needed for parenting time, an allocation of decision-making authority and what,

4

if any, limitations exist while one parent has physical custody in terms of the other parent contacting the child.

In the instant case, the divorce decree did not comply with the requirements of OCGA § 19–9-1 because it did not (1) include an explicit recognition that a close and continuing parent-child relationship and continuity in the children's life would be in their best interest, (2) include an explicit recognition that the children's needs would change and grow as they matured, or (3) demonstrate that the parents would make an effort to parent that took the children's changing needs into account so that future modifications to the parenting plan would be minimized. See OCGA § 19-9-1 (b) (1) (A), (B). Further, while the decree provided that both parents would have access to the children's school and healthcare records, it did not provide that they would have access "to all of the child[ren's] records and information, including, but not limited to, education, health, health insurance, extracurricular activities, and religious communications." See OCGA § 19-9-1 (b) (1) (D). The decree also failed to provide transportation arrangements for visitation or specify whether supervision was required for visitation. OCGA § 19-9-1 (b) (2) (C), (D). See *Selvage v. Franklin*, 350 Ga. App. 353, 360 (4) (829 SE2d 402) (2019) ("While we agree that a separate court order exclusively devoted to a parenting plan is not required, the statute clearly

5

requires that the order include more details beyond custody and visitation") (citation and punctuation omitted). Accord *Williams v. Williams*, 301 Ga. 218, 224 (3) (800 SE2d 282) (2017). Because the trial court did not include an adequate parenting plan in its divorce decree, we vacate the judgment and remand this case for compliance with the requirements of OCGA § 19-9-1. See *Selvage*, supra at 360 (4).

2. In related enumerations of error, Husband argues that the trial court erred by failing to include uninsured healthcare expenses for the minor children in the child support worksheet incorporated into the Divorce Decree. We agree.

Husband argues that the trial court erred by "improperly apportioning out of pocket medical expenses such as therapy session(s) in violation of the best interest of the minor children[.]" The trial court's divorce decree makes no such ruling. However, OCGA § 19-6-15 (b) (10) provides that "[t]he parents *shall* allocate the uninsured health care expenses which shall be based on the pro rata responsibility of the parents or as otherwise ordered by the court. Each parent's pro rata responsibility for uninsured health care expenses *shall* be entered on the child support worksheet[.]" (Emphasis supplied). Because the child support worksheet fails to allocate such amounts, we vacate the trial court's order and remand for the trial court to make such a finding in the child support worksheet.

6

3. Husband argues that the trial court's order erred by acknowledging only two of the three children born during the marriage. However, because Husband fails to provide any citation to the record or citation of authority in support of this claim, it has been deemed abandoned. See Court of Appeals Rule 25 (c) (2). Further, the trial court's order notes that there are two *minor* children born as issue of their marriage. Their third and oldest child was not a minor as of the date of the divorce.

4. Husband argues that the trial court abused its discretion by ordering Husband to pay all of Wife's attorney fees and expenses, including GAL fees. We find no error.

Husband argues that the trial court's order requiring him to pay Wife's $2,000 attorney fees was excessive in light of his other financial obligations. He also argues that, in the order appointing the GAL, the trial court noted that "[a]t the conclusion of this case, this Court shall allocate the responsibility for paying the balance of the GAL's fee equitably among the parties[,]" but that the final divorce decree ordered Husband responsible for the balance of the fees. However, because the trial court's divorce decree indicates that Husband makes more than twice Wife's salary, there is no indication that this was not an equitable division of assets. See OCGA § 19-9-3 (g) (a trial court "may order reasonable attorney's fees and expenses of litigation,

experts, and the child's guardian ad litem and other costs of the child custody action . . . to be paid by the parties in proportions and at times determined by the judge"); OCGA § 19-6-2 (a) (1) ("The grant of attorney's fees as a part of the expenses of litigation . . . shall be . . . [w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party"). A review of the record shows that the trial court considered the relative finances of each party, and Husband "simply quibbles with the trial court's conclusion. This does not provide a basis for reversal." (Citation omitted.) *Reid v. Reid*, 348 Ga. App. 550, 553 (1) (823 SE2d 860) (2019).

5. In related enumerations of error, Husband argues that the trial court abused its discretion by ordering permanent alimony to Wife until she dies or remarries and that the trial court's division of the marital estate was not in the best interest of the children. We find no error.

The divorce decree ordered Husband to pay $1190 a month to Wife in alimony until such time that she remarries or dies. It further ordered that Wife was to pay Husband $390 a month for child support, and that the parties were to "net out" these respective payments so that Husband must pay $800 per month to Wife. Husband

argues that the trial court abused its discretion in awarding this amount of periodic alimony because it would not leave him with adequate discretionary income to take care of the children in his custody.

> Alimony is defined in OCGA § 19-6-1(a) as "an allowance out of one party's estate, made for the support of the other party when living separately." Subsection (c) goes on to provide that "alimony is authorized, but not required, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." In addition, OCGA § 19-6-5 (a) sets out factors to be considered in determining the appropriate amount of alimony to be awarded, including the parties' standard of living, the duration of the marriage, the age and condition of the parties, their financial resources, the time and training necessary for either party to acquire employment skills, and the contributions of each party to the marriage.

(Citations omitted.) *Hammond v. Hammond*, 290 Ga. 518, 519-520 (1) (722 SE2d 729) (2012). In making its alimony award, the trial court considered that the couple had been married since 1996, that Wife had been a stay-at-home mom for their three children until 2008, that Wife did not have her own retirement account, and the value of Husband's retirement account. The trial court also considered that the parties had disparate incomes: Wife had a monthly gross income of $2,080 and Husband had a monthly gross income of $7,085. "Based on

9

these considerations, and the wide latitude given the trial court in fixing the amount of alimony, it cannot be said that the trial court abused is discretion" in its award of alimony. *Hammond*, 290 Ga. at 520 (1).

6. In related enumerations of error, Husband argues that the trial court erred by making him solely responsible for maintaining health insurance on the three children.

The divorce decree notes that it only addresses the custody and expenses of Husband and Wife's two minor children and not their first child, who had reached the age of majority as of the time of the divorce proceedings. It further required that Husband "shall maintain health insurance for the Children."

OCGA § 19-6-15 (b) (7) provides that "the determination of monthly child support shall be calculated as follows: . . . Determine the amount of child support for the custodial parent and the noncustodial parent by assigning or deducting credit for actual payments for health insurance . . . from the basic child support obligation[.]" Husband argues that the Child Support Worksheet shows that the adjustment for Wife's portion was $23.38 and accounts for two of the parties' three children, but that adjustment for Husband's portion was $79.62 and accounts for all three children. It is clear from the decree, however, that the trial court intended Husband to be

10

financially responsible for the health insurance of the minor children, and not the adult child. Because Husband provides no citation to the record for his assertion that his health insurance credit pays for all three children, this argument cannot be considered. See Court of Appeals Rule 25 (c) (2).

7. Husband argues that the trial court abused its discretion by awarding Wife one-half of his retirement plan. We find no error.

> Equitable property division is distinctly different from alimony. Alimony is an allowance out of one party's estate, made for the support of the other party when living separately. . . . Equitable division of property, on the other hand, is an allocation of assets acquired during the marriage to the parties, based on their respective equitable interests in those assets. Only marital property is subject to equitable division. Marital property is that which is acquired as a direct result of the labor and investments of the parties during the marriage. Thus, retirement benefits, insofar as they are acquired during the marriage, are marital property subject to equitable division.

(Citations and punctuation omitted.) *Hipps v. Hipps*, 278 Ga. 49, 49-50 (1) (597 SE2d 359) (2004). Here, Husband makes no argument that the funds in his retirement account were acquired prior to 1996, when they were married. Accordingly, Husband has not shown that the trial court abused its discretion in its equitable distribution of the retirements funds.

11

*Judgment affirmed in part and vacated in part, case remanded with direction.*

*Dillard, P. J., and Mercier, J., concur.*