RENDERED:  FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0418-MR

ALEXANDER SMYTH                                          APPELLANT

v.          APPEAL FROM BREATHITT CIRCUIT COURT
FAMILY COURT DIVISION
HONORABLE DAVID FLATT, SPECIAL JUDGE
ACTION NO. 20-CI-00182

RABERTA BRIANNA DEATON                                   APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND KAREM, JUDGES.

EASTON, JUDGE:  The Appellant Alexander Smyth ("Alex") appeals from the

Breathitt Family Court's Order, entered on March 1, 2024, which denied his

motion for child support.  For the reasons stated below, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Alex and the Appellee, Raberta Brianna Deaton ("Brianna"), are the parents of one minor child ("Child") born in 2016. Alex and Brianna were never married. They did not have a formal custody order until October 2021, when the family court granted them joint custody, with Alex being designated the primary residential custodian. This first custody order followed a hearing that occurred in November 2020.

In November 2020, Alex lived in New Mexico, while Brianna lived in Breathitt County. Alex is active-duty military. In the custody order of October 2021, the family court granted Brianna timesharing for all but one week of Child's summer break, and all of Child's Thanksgiving break, Christmas break, and spring break. The order was silent on the issue of child support owed by Brianna.

In approximately May 2023, Alex moved to Jacksonville, North Carolina. In June 2023, Alex filed a motion to modify timesharing, as well as a motion for child support. Alex requested to have Child for three weeks during summer break and one week of Christmas break. He also asked the family court to award him child support based on the Kentucky child support guidelines. In September 2023, Brianna filed a competing motion to modify timesharing, asking the family court to designate her as primary residential custodian of Child.

A hearing was held on December 14, 2023, on the competing motions. The family court heard testimony from the parties, as well as Brianna's mother and the court-appointed Friend of the Court. All parties and the family court judge appeared via Zoom. Unfortunately, the first part of the hearing consisting of Alex's testimony on direct examination was not recorded, and we cannot review this evidence heard by the family court.

The family court issued its Findings of Fact, Conclusions of Law, and Judgment on March 1, 2024. In that order, the family court denied both parties' motions to modify timesharing, finding "[t]hat neither party has demonstrated that modification of timesharing is necessary as there is no risk of harm to the minor child by either parent and neither party has demonstrated that their request for modification of the current timesharing schedule is in the best interests of [Child]."[1] This order also denied Alex's motion to set an amount for child support. It is only from the denial of child support that Alex appeals.

## STANDARD OF REVIEW

Appellate review of a child support award is governed by the abuse of discretion standard. *Holland v. Holland*, 290 S.W.3d 671, 674 (Ky. App. 2009). "The test for an abuse of discretion is whether the trial judge's decision was

---

[1] Findings of Fact, Conclusions of Law, and Judgment entered March 1, 2024, Record at page 74.

arbitrary, unreasonable, unfair, or unsupported by sound reasonable principles."

*Penner v. Penner*, 411 S.W.3d 775, 779-80 (Ky. App. 2013).  Appellate review of a trial court's factual findings is governed by the clearly erroneous standard; factual determinations supported by substantial evidence will not be disturbed. *Truman v. Lillard*, 404 S.W.3d 863, 868 (Ky. App. 2012).  In evaluating abuse of discretion, this Court reviews legal conclusions applied by the trial court *de novo*. *Ehret v. Ehret*, 601 S.W.3d 508, 511 (Ky. App. 2020).

## ANALYSIS

Alex contends the family court erred in denying him an award of child support.  Alex argues his motion was a motion to *establish* child support, whereas Brianna argues the motion was one for *modification* of child support.  KRS[2] Chapter 403 governs child support.  KRS 403.211(2) is the statute concerning establishing support using the child support guidelines, and it states:

> At the time of initial establishment of a child support order, whether temporary or permanent, or in any proceeding to modify a support order, the child support guidelines in KRS 403.212 or 403.2122 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support.  Courts may deviate from the guidelines where their application would be unjust or inappropriate.  Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

---

[2] Kentucky Revised Statutes.

When dealing with the modification of support, KRS

403.213 applies.  This statute reads:

>  (1) The Kentucky child support guidelines may be used
>  by the parent, custodian, or agency substantially
>  contributing to the support of the child as the basis for
>  periodic updates of child support obligations and for
>  modification of child support orders for health care.  The
>  provisions of any decree respecting child support may be
>  modified only as to installments accruing subsequent to
>  the filing of the motion for modification and only upon a
>  showing of a material change in circumstances that is
>  substantial and continuing.
>
>  (2) Application of the Kentucky child support guidelines
>  to the circumstances of the parties at the time of the filing
>  of a motion or petition for modification of the child
>  support order which results in equal to or greater than a
>  fifteen percent (15%) change in the amount of support
>  due per month shall be rebuttably presumed to be a
>  material change in circumstances.  Application which
>  results in less than a fifteen percent (15%) change in the
>  amount of support due per month shall be rebuttably
>  presumed not to be a material change in circumstances.
>  For the one (1) year period immediately following
>  enactment of this statute, the presumption of material
>  change shall be a twenty-five percent (25%) change in
>  the amount of child support due rather than the fifteen
>  percent (15%) stated above.

The family court found that Alex had stated in the parties' 2020

custody hearing (which is not part of the record on this appeal) that he did not want

or need child support.  Alex concedes that he did make such a statement at that

time.  But he argues that it was not meant to be an indefinite waiver of child

support.

Brianna claims that because Alex previously agreed that he was not seeking child support, his motion should be viewed as a modification motion, in which case a "material change in circumstances that is substantial and continuing" must be shown. She argues the family court did not abuse its discretion in its finding that no material change had occurred.

It is important to again note that the order issued after the 2020 hearing is silent on the issue of child support. There was no finding of waiver, or any other findings to explain why there should be a deviation from the Kentucky Child Support Guidelines. A circuit court "speaks only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010).

"The child support guidelines set out in Kentucky Revised Statutes (KRS) 403.212 serve as a rebuttable presumption for the *establishment or modification* of the amount of child support. Nevertheless, family courts may deviate from the guidelines when they make specific findings that application of the guidelines would not be just or appropriate." *Ciampa v. Ciampa*, 415 S.W.3d 97, 99 (Ky. App. 2013) (emphasis added). KRS 403.211(2) requires that any deviation from the guidelines "shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation."

Because the 2021 order is silent about child support, there was no order pertaining to existing child support, including any possible waiver, to *modify* in this case.

Furthermore, even if Alex had made an initial waiver of child support at the time of the 2020 hearing, the court retains control over child support and is able to review those terms when requested to do so. *See Tilley v. Tilley*, 947 S.W.2d 63, 65 (Ky. App. 1997); *Nelson v. Ecklar*, 588 S.W.3d 872, 876 (Ky. App. 2019). "[A] party who is able to show a 15% discrepancy between the amount of support being paid at the time the motion is filed and the amount due pursuant to the guidelines is entitled to a rebuttable presumption that a material change in circumstances has occurred." *Tilley*, *supra*, at 65.

Brianna testified she now earns approximately $100,000 per year as a registered nurse. Brianna has not been required to pay any child support to Alex in this case. It is guaranteed that any amount of child support to be considered now would constitute at least a 15% change when compared to nothing.

> We agree with appellant that the trial court erred in its approach to the issue presented by the motion to modify. KRS 403.211 states that in "*any* proceeding to modify a support order," the KRS 403.212 child support guidelines "*shall* serve as a rebuttable presumption for the . . . modification of the amount of child support." (Emphasis added.) Hence, a circuit court clearly must consider and apply the guidelines in each and every proceeding which seeks modification of a support order.
>
> Further, KRS 403.213 does not require there to be a change in either party's income before a trial court may

modify an existing child support award. Instead, in a situation such as the one here, where there was at least a 15% discrepancy between the guidelines and the noncustodial parent's existing child support obligation, the existence of this fact standing alone creates a rebuttable presumption that there is a material change in circumstances pursuant to KRS 403.213(2). Any refusal to order an increase in support in a situation such as the one here, therefore, is required to be accompanied by findings which specify the reasons for a deviation from the guidelines pursuant to KRS 403.211(3), just as would be required in cases involving initial awards of child support.

*Wiegand v. Wiegand*, 862 S.W.2d 336, 337 (Ky. App. 1993).

Parents of minor children in contested custody cases often enter into agreements regarding issues surrounding custody, including child support. This is expressly allowed and anticipated by KRS 403.180, which states:

> (1) To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for maintenance of either of them, disposition of any property owned by either of them, *and custody, support and visitation of their children.*
>
> . . .
>
> (6) *Except for terms concerning the support, custody, or visitation of children*, the decree may expressly preclude or limit modification of terms if the separation agreement so provides. Otherwise, terms of a separation agreement are automatically modified by modification of the decree.

(Emphasis added.)

An agreement to deviate from the child support guidelines can be a proper factor for a family court to consider. *Ridgeway v. Warren*, 605 S.W.3d 567, 570 (Ky. App. 2020). However, the family court is required to review child support upon a motion to modify by a parent. The child support guidelines are the presumption, and a deviation must be justified. KRS 403.211(2). Parents' obligation to support their minor child cannot be permanently waived. *Bustin v. Bustin*, 969 S.W.2d 697, 699 (Ky. 1998); *Whicker v. Whicker*, 711 S.W.2d 857, 859 (Ky. App. 1986). "Parents not only have a universal duty to support and maintain their minor children, they also have a statutory duty to support them." *Jones v. Hammond*, 329 S.W.3d 331, 340 (Ky. App. 2010).

We are unable to review much of Alex's testimony, and we believe this inhibits our review.[3] We are aware of the general principle that it was Alex's duty to provide to this Court a complete copy of the family court record and that failure to provide parts of a record is assumed to support the family court's decision. *See K.M.E. v. Commonwealth*, 565 S.W.3d 648, 654 (Ky. App. 2018).

But here the court did not make a record for Alex to designate to be copied and sent. What record was made during the 2023 hearing was provided.

---

[3] We do not know whether the parties or the family court became aware of the omission before the case was submitted to this Court. We note the provisions of Kentucky Rules of Appellate Procedure ("RAP") 25 providing a process to supplement a record when there has been an omission or some other unavailability of the original record.

This creates a different circumstance. Because we have also concluded that the family court was required to consider an award of child support regardless of the initial lack of such an award, we will reverse the decision and remand for further proceedings to be properly recorded for potential review.

Alex is able to change his mind and request child support as the Child's primary residential custodian at any time, and the family court is required to consider the child support guidelines when this occurs. No justification for any deviation from the child support guidelines was provided in this case. The family court did not reference the guidelines at all in its order. Based on the limited record before us, we must conclude that the family court abused its discretion by failing to utilize the guidelines to set an appropriate child support amount.

## CONCLUSION

Accordingly, we reverse and remand the Breathitt Family Court's order denying Alex's motion for child support. The circuit court shall conduct a hearing to determine an appropriate amount of child support, utilizing the guidelines in KRS 403.212, including an explanation of any deviation from those guidelines.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

John M. Hendricks            Christina Edmonds-Noble
Winchester, Kentucky         Jackson, Kentucky