Linda HAMILTON (Now King), Appellant,

v.

Hugh M. HAMILTON (Now Deceased), Appellee.

Court of Appeals of Kentucky.

April 25, 1980.

---

Charles A. Goodman, III, Wilson, Herbert, Garmon & Sparks, Glasgow, for appellant.

Dale Burchett, Glasgow, for appellee.

Before HAYES, C. J., and HOWARD and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered June 7, 1979, which terminated the child support obligation of the deceased father's estate because the child received Social Security benefits as a result of the father's death, which are more than the support obligation.

Hugh Mitchell Hamilton and Linda Hamilton, now King, were divorced on January 28, 1977. The decree incorporated by reference a separation agreement including a provision for child support payments for the one child of the parties. On August 26, 1978, the father died testate, bequeathing $1.00 to his son and the remainder of his estate to his brother. The value of the probate and nonprobate estate was approximately $97,000.00. Shortly thereafter, the estate, which was administered by the brother, moved to terminate child support payments. The mother then moved to increase the payments. After an evidentiary hearing, the trial court ended the support payments. This appeal followed.

The appellant argues as follows:

1) That the trial court committed reversible error in revoking the monthly child support, without a finding of unconscionability pursuant to KRS 403.250.

2) That it was reversible error to base the revocation on considerations of Social Security death benefits and other improper grounds.

This Court affirms the judgment of the trial court because its findings were supported by substantial evidence and it did not abuse its discretion. Social Security payments may be considered by the trial court in determining whether to modify a support obligation.

KRS 403.250 provides the trial court sufficient authority to terminate child support payments upon the death of the parent obligated to pay support. There is substantial evidence to support the trial judge's findings that, under the circumstances, it was appropriate to revoke the support payments upon the death of the father.

When the father died, the child, who is now sixteen years of age, became entitled to Social Security benefits of $341.10 per month. The separation agreement provided for payments of $141.00 per month. The government benefits exceeded the child support by $200.00. Unlike the child support payments which would have been terminated at age eighteen, Social Security could continue until the child reaches the age of twenty-two, if he continues his education. Social Security is also subject to an annual cost-of-living increase. The mother testified that she frequently had an excess from the child support payments of $141.00. The evidence also indicated that the wife is required to maintain a hospitalization policy to cover the child.

There was sufficient evidence presented to the trial judge to support his findings under the statute that it was appropriate that child support payments be terminated. The trial judge is the trier of fact and, pursuant to Civil Rule 52.01, we believe there is no reason to disturb his findings. There is no showing of any abuse of discretion by the trial court. We are not per-

suaded by the appellant's argument that the payments should continue because the father disinherited his son and left probate and nonprobate assets to his brother.

■ The trial court did not commit reversible error in basing the termination of support on considerations of Social Security death benefits. The prevailing view of most jurisdictions in the United States is that government benefits for children for support may be credited against the parent's liability under the decree. Annot. 77 A.L.R.3d 1315 (1977). We believe that Social Security payments may be considered by the trial court in determining whether to modify a support obligation, but that obligation is not necessarily satisfied in every case as to the amount of benefits received. Each situation must be considered in light of the individual circumstances.

The effect of such benefits on the support obligation has never been directly ruled on in Kentucky. *Herring v. Moore*, Ky.App., 561 S.W.2d 95 (1977), provides that the father's obligation to support did not end, as a matter of law, upon the death of the father. The effect of Social Security benefits in that case was never an issue. The applicability of KRS 403.250(3) was not considered because the separation agreement and judgment each specified that the payment should continue for a fixed period, or until the happening of a contingency. Here, the separation agreement and judgment contain the words "until further orders of the court." In *Shepherd v. Shepherd*, Ky., 521 S.W.2d 74 (1975), it was held that a judgment subject to further orders of the court preserved the jurisdiction of the court to modify the judgment upon a proper showing.

In this case, the trial judge had under consideration a modifiable order, as distinguished from *Herring, supra*, a petition to modify, and the revocation of the support obligation was made not as a matter of law, but only under the specific circumstances.

If a finding of unconscionability was necessary, it was not brought to the attention of the trial court and has not been properly preserved for appellate review.

In this case, the terms of the agreement could have been found to have become unreasonably favorable to the wife. All the evidence indicates that the child is more than adequately provided for. The agreement specifically left open the question of any future child support payments. Unconscionability has been found in situations where the terms of the contract have become unreasonably favorable to one of the parties, coupled with the likelihood that the present status of the parties will continue. *Williams v. Williams*, Ky.App., 554 S.W.2d 880 (1977).

For the reasons set out above, the judgment of the trial court is affirmed.

All concur.