**Mark YOUNGBLOOD, Appellant,**

v.

**Tonya JAMES, Appellee.**

**No. 93–CA–001242–MR.**

Court of Appeals of Kentucky.

Sept. 2, 1994.

Barbara E. Brundage, Paducah, for appellant.

Tonya James, pro se.

Before COMBS, SCHRODER and WILHOIT, JJ.

*OPINION*

SCHRODER, Judge:

This is an appeal from an order denying appellant's petition to modify (discontinue) his child support obligation on grounds that his sole means of income is derived from supplemental security income (SSI) benefits and he has no other assets. Appellant argues that under KRS 403.212, he is not required to pay child support. We agree and reverse.

Appellant, Mark Youngblood, and appellee, Tonya James, are the parents of a minor child, Irene Collins, born September 13, 1986. The parties have never been married. Prior to the filing of this case, Youngblood acknowledged that he was the father of Irene in a paternity case in the Calloway District Court. An agreed judgment of paternity was entered on January 21, 1992, along with an agreed order requiring Youngblood to pay $60.00 per month child support.

Prior to the entry of the child support order, Youngblood had been determined to be permanently and totally disabled by the Social Security Administration because he has muscular dystrophy. At the time of the original child support order, Youngblood was receiving disability benefits, partly in the form of disability insurance benefits as a disabled child of a deceased parent, and partly in the form of Supplemental Security Income (SSI) benefits. However, in April 1992, Youngblood got married and became ineligible to receive further disability insurance benefits. He remained eligible for SSI benefits of $434.00 per month which was his only source of income.

On December 11, 1992, Youngblood brought this action in the Calloway Circuit Court to establish visitation and modify the child support order of January 21, 1992. Youngblood requested that his child support obligation be reduced to zero because he

experienced a material change in circumstances that was substantial and continuing in that he ceased receiving disability benefits in April 1992 and now only receives as income SSI benefits of $434.00 a month. Youngblood argued that under KRS 403.212, his SSI benefits are expressly not to be considered in computing gross income and, thus, his gross income is zero. Accordingly, under the guidelines, he should not be required to pay child support.

After a hearing on the matter, the Domestic Relations Commissioner denied Youngblood's motion to modify his child support obligation, stating that the child support guidelines did not apply since appellant had no income, but that he could nevertheless order appellant to pay child support under the "extraordinary circumstances" provision in KRS 403.211. On April 29, 1993, the court entered its order adopting the recommendation of the Domestic Relations Commissioner. This appeal followed.

Appellant cites to cases in other jurisdictions and to federal statutes, as well as the Kentucky Child Support statutes, in support of his argument that he should not be required to pay child support if his sole means of income is SSI benefits. However, we need only look to our own child support statutes as we believe them to be dispositive of the issue.

Under the Child Support Guidelines in KRS 403.212, the amount of child support is determined by the parents' gross income. In computing gross income, KRS 403.212(2)(b) states:

> "Gross income" includes income from any source, except as excluded in this subsection, and includes but is not limited to income from salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, gifts, prizes, and alimony or maintenance received. *Specifically excluded are benefits received from means-tested public assistance programs, including but not limited to Aid to Families with Dependent Children (AFDC), Supplemental Security Income (SSI) and food stamps.* (Emphasis added.)

Also, KRS 403.212(2)(d) provides in part:

> If a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, *except that a determination of potential income shall not be made for a parent who is physically or mentally incapacitated* or is caring for a very young child, age three (3) or younger, for whom the parents owe a joint legal responsibility. (Emphasis added.)

 It is clear from the language in these two sections of KRS 403.212, that a disabled parent whose sole means of income is SSI benefits, has no gross income for purposes of determining child support. Since the guideline table in KRS 403.212(6) starts at $100.00 a month gross income, child support cannot be ordered under the guidelines.

 The court below agreed that the guidelines could not be applied but, nevertheless, used its discretion under KRS 403.211 to set child support. KRS 403.211(2) provides:

> At the time of initial establishment of a child support order, whether temporary or permanent, or in any proceeding to modify a support order, the child support guidelines in KRS 403.212 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

KRS 403.211(3) lists the factors to be relied on in finding the application of the guidelines to be unjust or inappropriate, including subsection (g), "[a]ny similar factor of an extraordinary nature specifically identified by the court which would make application of the guidelines inappropriate." None of the factors in KRS 403.211(3) subsection (a) through (f) has been alleged in this case. In *Redmon v. Redmon*, Ky.App., 823 S.W.2d 463 (1992), the Court relied on KRS 403.-

211(3)(g) in affirming a child support award where the parent was incarcerated and had no income, but *did* have sufficient assets from which support could be obtained. In the present case, it was established that appellant had no other assets from which he could provide support.

 It is not disputed that appellant is completely physically disabled and cannot work. Thus, the voluntarily unemployed or underemployed provision of KRS 403.-212(2)(d) would not apply. In our view, the legislative intent is clear from the language in KRS 403.211 and KRS 403.212 that a parent whose sole means of income is SSI benefits cannot be required to pay child support absent some extraordinary circumstance such as having other sufficient assets. As there are no extraordinary circumstances in this case, we reverse the court's order denying appellant's motion to modify his child support obligation.

For the reasons stated above, the order of the Calloway Circuit Court is reversed.

All concur.