Roger Leonard MILLER, Appellant,

v.

Mary Ann MILLER (now Morris), Appellee.

No. 95–CA–0048–MR.

Court of Appeals of Kentucky.

Sept. 20, 1996.

S. Frank Smith, Jr., Bowling Green, for Appellant.

B. Alan Simpson, Bowling Green, for appellee.

Before COMBS, GARDNER and HOWERTON, JJ.

## OPINION

HOWERTON, Judge.

Roger Leonard Miller appeals from an order of the Warren Circuit Court confirming a domestic relations commissioner's report. The matter was brought by Mary Ann Miller (now Morris) for a determination of child support arrearages and reimbursement for the child's medical expenses. Roger Miller also sought to reduce his monthly child support, to establish visitation privileges, and to determine a method for paying the arrearages. Roger now contends the commissioner erred (1) by refusing to credit his court-ordered child support with his social security disability benefits paid to support the child, and (2) by refusing to credit the excess social security benefits as a set off against the arrearages. He further argues that (3) it was error for the commissioner to add the social security benefits to Mary Ann's income for purposes of calculating the amount of child support due and that (4) it was an abuse of discretion to require an immediate payment of $3,000 for back child support while ignoring the remainder of his offer of settlement. We find reversible error in the first argument and in part in the second; but, in light of the circumstances in this case, we affirm as to the last two arguments.

The parties were divorced in 1987 by a decree of the Ohio Circuit Court. However, this action was moved to the Warren Circuit Court for various reasons. The original decree directed that Roger pay $50 per week for support of his minor child who was born in March 1984. This action was commenced in July 1993 for a determination of child support arrearages, and Roger cross-petitioned for the relief previously mentioned.

Roger apparently paid very little child support from the time the decree was entered until this action was filed. He was employed until sometime in 1991, and his social security disability benefits became payable in September 1991. Roger sought a reduction retroactive to that date, but the commissioner only reduced the support payment from $50 per week to $38.50 per week, beginning April 27, 1994. The timing of the reduction is not an issue on appeal.

The commissioner's report was entered October 26, 1994, and it concluded that the total weekly arrearages for before and after this action was filed amounted to $11,995.88. To that amount, $305 was added for child counseling services, for a total debt of $12,300.88, plus post-judgment interest at the rate of 12 percent per annum. The commissioner concluded that Roger would pay

$3,000 in a lump sum plus an additional $125 per month thereafter to apply toward the arrearages.

In deciding whether to modify the amount of support, the commissioner found that Mary received a monthly income of $2,764.25. The commissioner added to that the direct $291 monthly payment from Roger's social security for the benefit of the child. Roger was found to have a total monthly income of $1,191.30 received in part from social security and in part from workers' compensation benefits. The combined parental income and support guidelines authorized child support in the amount of $592 per month, and Roger's portion was accordingly reduced from $50 per week to $38.50 per week. Mary was responsible for 72 percent and Roger 28 percent of the support.

■ Roger first argues that it was error to refuse to credit his support obligation against the $291 per month paid for support of the child by social security. We agree and reverse. Although Kentucky has not directly addressed this issue, it was pointed out in *Hamilton v. Hamilton*, Ky.App., 598 S.W.2d 767, 769 (1980), that "[t]he prevailing view of most jurisdictions in the United States is that government benefits for children for support may be credited against the parent's liability under the decree." Indeed, other jurisdictions do allow for such credit, and we find the rationale persuasive. In *Binns v. Maddox*, 57 Ala.App. 230, 327 So.2d 726 (1976), the Court held that a father was entitled to credit on his child support liability for social security benefits received by the children on account of the father's disability. It is interesting to note that the Court further pointed out that an award for child support should nevertheless be maintained for protection of the children in the event the father's support entitlement is terminated. Such would especially be true should someone become rehabilitated, which may or may not be the case before us. At 327 So.2d 728, we read:

An order of support is for the benefit of the children, even though directed paid to the mother or other custodian. If the sum directed to be paid by the father is paid by the government through social security benefits derived from the account of the

father, the purpose of the order has been accomplished. The father is entitled to be credited with such payments against his liability under the decree.

The Alabama Court cited other cases which generally held in the same manner. They include *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); and *Kipping v. Kipping*, 186 Tenn. 247, 209 S.W.2d 27 (1948), plus other citations from jurisdictions including Massachusetts, Nebraska, and Kansas.

In *Horton, supra*, 132 S.E.2d at 201, we read:

Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute as income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, Social Security disability benefits should not be credited.

We find one further case especially suitable for discussion of the overall issues before us. That case is *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976). *Potts* concluded that credit should be given for the child support obligation, but it also addressed the question of what credit, if any, should be given to arrearages with the surplus over the amount owing by the obligor. While some jurisdictions hold that any excess of social security benefits over the child support obligation must be viewed as a mere gratuity, the Iowa Court did allow a credit of the excess against any arrearages which accrued after the obligor suffered the disabling injury. The *Potts* opinion reads, 240 N.W.2d at 682:

In the present case the record does not show plaintiff was in default at the time he suffered his disabling injury. For some undisclosed reason, social security disabili-

ty dependency benefits did not commence until six months later. No claim is made that his failure to make support payments during that period was willful.

The opinion continued by rationalizing that

[c]redit of excess payments against a past or future obligation amounts to an irregular variance of the terms of the decree. It may also frustrate the primary purpose of the social security payments, which is to meet the current needs of the dependents. [Citation omitted.] Ordinarily a disabled parent should be credited for social security dependency payments only to the extent of his child support obligation during the period such benefits are paid. This will usually cover the period of disability. But in an exceptional case like the present one where a child support arrearage occurred because of a lapse of time between the occurrence of the disability and the commencement of benefit payments, any excess of payments over obligation during the benefit period may fairly be credited against that arrearage. Such credit does not unreasonably vary the decree or divert the social security benefits from their purpose.

■ We therefore conclude that it was error not to allow Roger credit for the $50 and $38.50 weekly assessments from and after the time the $291 was paid directly for the benefit of the child. In this case, the $291 monthly payment exceeds Roger's monthly support obligation. Any actual payments made by Roger after social security payments began should be credited to his arrearage. On remand, the court must direct the commissioner to recalculate the arrearage in light of this decision and to further consider whether it would be justifiable to allow any credit from excess benefit payments toward any arrearage which might have accrued between the time of Roger's disabling injury and the time, if any, his social security benefits began being paid for the child. As to the remainder of any surplus, it must be considered as a gratuity and not allowed to offset any arrearage for support which accrued prior to the disability. Such an amount constitutes an existing legitimate debt which should never have accrued

and for which no credit can now be given to Roger. The foregoing discussion has also addressed the second issue raised by Roger.

■ Roger next argues that it was an abuse of discretion to require a lump-sum payment of $3,000 toward the arrearage. This argument is based in part upon the fact that he apparently made some type of settlement offer whereby his new wife would pay the $3,000 from borrowed money and the remaining amount would be paid from the surplus benefits now being received by the child. We find no error. As previously discussed, it would have been improper to credit any payment toward the arrearage from the surplus social security payments. Furthermore, it is not necessary that Roger's new wife pay the $3,000, but that amount and more is clearly owing, and it was not improper to order Roger to pay that much from whatever source he can obtain the funds. Furthermore, as pointed out by Mary Ann, whatever settlement offer was made, if any, was not admitted into the evidence nor considered by the special domestic relations commissioner. Accordingly, we see no need to further consider this issue.

■ Finally, Roger argues that it was error to add the social security benefit as part of the income of the custodial parent. Clearly, the $291 of disability benefit had to be part of the total income, and no one has argued that it should have been assigned as part of the obligor's (Roger's) income. KRS 403.212 specifically includes social security benefits in its definition of "gross income." The statute requires inclusion of income from any source except as excluded by the statute, and the only exclusions are benefits received from "means-tested public assistance programs, including but not limited to Aid to Families with Dependent Children (AFDC), Supplemental Security Income (SSI), and Food Stamps."

We find that the commissioner correctly determined Roger's weekly obligation to be $38.50, but that the commissioner erred by failing to allow full credit for the $291 being paid by social security for Roger's support requirement.

The order of the Warren Circuit Court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

All concur.