Alissa BARKER, Appellant,

v.

Tony HILL, Appellee.

No. 95–CA–0503–MR.

Court of Appeals of Kentucky.

Aug. 1, 1997.

Roberta H. Travis, Hodge, Kelley and Travis, Taylorsville, for appellant.

John E. Spainhour, Givhan & Spainhour, PSC, Page Stuart, Shepherdsville, for appellee.

Before BUCKINGHAM, HUDDLESTON and KNOPF, JJ.

*OPINION*

KNOPF, Judge:

Alissa Barker appeals a trial court order which deducted her custodial son's monthly supplemental security income (SSI) from the father's child support obligations. Consequently, the father, Tony Hill, was completely relieved of any child support obligation for his son, David.

Alissa and Tony were married in 1981 and divorced in 1988. In 1994 Tony moved for a reduction in his monthly child support obligation of $214.00. At the time of the hearing on the motion, Tony was receiving $762.00 per month in workers' compensation benefits. Alissa was unemployed and David was receiving $278.74 per month in SSI as a result of his own disability of mild mental retardation and attention deficit hyperactivity disorder.

The domestic relations commissioner calculated two amounts of child support for David depending on whether income was imputed to Alissa. The commissioner found that David was entitled to either $152.00 a month from Tony solely if no income was imputed to Alissa or $263.00 with Tony being responsible for 53.9% if income was imputed to Alissa. Either amount was less than David's monthly social security benefits of $278.74. Thus, the commissioner recommended and the trial court ordered that Tony's child support obligation be zero.

The parties to this appeal argue about whether SSI can be used to offset the duty of the parent's child support obligation.[1] Alissa argues that to allow SSI benefits to offset a parental child support obligation conflicts with 42 U.S.C. § 407 which states that SSI cannot be subject to any legal process. Alissa cites several cases from foreign jurisdictions for the proposition that SSI should not be credited against child support.

Tony, on the other hand, cites Kentucky cases which hold that social security benefits may be credited against the parent's liability for child support. *See, Hamilton v. Hamil-*

---

**1.** Tony has raised a preservation argument. Although *Eiland v. Ferrell,* Ky., 937 S.W.2d 713 (1997), appears to support Tony's position, we have decided to review the merits of this case under CR 61.02. We believe that palpable error has occurred that affects David's substantial right to child support resulting in a manifest injustice.

*ton,* Ky.App., 598 S.W.2d 767 (1980), and *Board v. Board,* Ky., 690 S.W.2d 380 (1985). In *Board, supra,* the Court explained that "social security benefits are not gratuitous but are paid as a substitute for lost earning power and are similar in nature to insurance benefits." Consequently, the social security benefits acted as a substituted child support payment made on behalf of the parent.

Social security disability benefits, like those in *Board, supra,* depend on a person's contribution to the program made when the person was working. This type of government program is like a disability insurance policy. Supplemental security income, however, provides benefits to the aged, blind, and disabled individuals who have income and resources below certain statutory levels. It is like a welfare program based on need.

Most of the cases cited by Alissa and the Kentucky cases of *Hamilton* and *Board* involved social security benefits that were paid on behalf of the **parent** as a result of the parent's disability or death. Thus, the question in those cases was whether social security benefits should be included as parental income. The current version of KRS 403.212(2)(b) which defines "gross income" specifically answers this question. The statute expressly provides that social security benefits and supplemental security income should be included as parental gross income.[2]

In this case, however, David was receiving SSI as a result of his own disability rather than his father's eligibility. Thus, this case is not a case where we must determine whether social security benefits must be included in the parent's gross income. Instead, this case presents the question of whether SSI paid to the child because of his own disability should be considered in determining the parental child support obligation and if so, to what extent should they be considered. This specific question has not been previously decided in Kentucky.

KRS 403.212 delineates the appropriate amount of child support based on the combined monthly adjusted parental gross in-

come. The child support obligation under KRS 403.212 is presumed to be correct. KRS 403.211(2) provides:

[T]he child support guidelines in KRS 403.212 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

More specifically, to deviate from the guidelines, KRS 403.211(3) requires:

A written *finding or specific finding on the record* that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption and allow for an appropriate adjustment of the *guideline award if* based upon one (1) or more of the following criteria:

. . . .

(d) The independent financial resources, if any, of the child or children;

In this case the commissioner did not make any finding on the record that the application of the guidelines would be unjust or inappropriate. The commissioner also did not investigate or provide facts that would support a finding that the guidelines, if applied, would be unjust or inappropriate. For instance, we do not know if David is being adequately provided for or if David incurs additional living and medical expenses which require both parental support and government assistance.

In determining whether application of the guidelines would be unjust or inappropriate, we believe that an appropriate circumstance to consider is the SSI received by the child as an independent financial resource. Considering SSI in the child's name is consistent with considering social security benefits in the parent's gross income. Furthermore, considering the benefits would not conflict

---

2. KRS 403.212 previously excluded SSI as income which led to the decision in *Youngblood v. James,* Ky.App., 883 S.W.2d 512 (1994). In *Youngblood* the Court held that a father was not required to pay child support when his only means of income was SSI which under KRS 403.212 was, at the time, excluded from gross income.

with 42 U.S.C. § 407 because the benefits are not being subjected to a legal process as defined in the statute as "transferred, assigned, or subject to levy, garnishment or attachment." The benefits would merely be recognized in weighing the equities and fairness of the circumstances of the child and the parents.

However, the child support guidelines in KRS Ch. 403 are presumed to be correct unless rebutted. In this case, the guidelines must be followed unless the commissioner finds that they have been rebutted to the extent that their application would be unjust or inappropriate. The court should be mindful, however, that there is nothing inherently unjust or inappropriate about making a father support his child, if he is able to do so, before looking to a government welfare program that is intended to supplement the resources of the needy. Absent a finding supported by substantial evidence on the record that application of the guidelines would be unjust and inappropriate, Tony owes David child support in accordance with the support guidelines in KRS 403.212. Because the commissioner failed to make such a finding, this matter must be remanded for further proceedings to determine if a deviation from the guidelines is warranted.

For these reasons the Spencer Circuit Court order is vacated and this case is remanded for further proceedings.

All concur.