**Levodis ARTRIP, Appellant,**

**v.**

**James Stephen NOE, Appellee.**

**No. 2009–SC–000260–DGE.**

Supreme Court of Kentucky.

April 22, 2010.

Debra Ann Doss, Lexington, KY, Counsel for Appellant.

Patrick Byron Shirley, Lexington, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

Pursuant to their Property Settlement Agreement and the Decree of Dissolution of Marriage entered August 12, 1997, Levodis Artrip and James Stephen Noe were awarded joint custody of their two minor daughters. According to the agreement, Artrip was named the primary residential custodian and Noe was required to pay child support in the amount of $300.00 per month for twenty-four months, and $400.00 per month thereafter. This agreement continued until May 2007, when the parties executed a Domestic Mediation Agreement. This agreement made Noe the primary residential custodian of the children on a temporary basis while Artrip finalized her relocation to Florida.

By order dated August 14, 2007, Noe was to remain the primary residential custodian. Noe moved for child support, and on September 11, 2007, the trial court found that Artrip owed child support in the amount of $415.00 per month. This obligation was later increased to $563.79 per month when Artrip ceased paying for the children's health insurance. On March 20, 2008, Artrip filed a motion to modify child support and requested a $265.00 per month deduction due to the children's receipt of approximately $800.00 per month in Social Security benefits resulting from Noe's disability. After a hearing, the trial court determined that, pursuant to KRS 403.211(3)(d), the children's Social Security income was the type of independent financial resource that allowed for an appropriate adjustment of the child support guidelines set forth in KRS 403.212. Accordingly, the trial court allowed the $265.00 deduction and set Artrip's child support obligation at $303.62 per month. Noe appealed, and in its opinion dated April 3, 2009, the Kentucky Court of Appeals held that only Noe, the disabled parent, was entitled to claim credit for the children's Social Security disability benefits. The case was remanded to the Fayette Circuit Family Court to recalculate Artrip's child support obligation. This Court granted discretionary review on October 21, 2009.

Artrip raises two issues on appeal: (1) the Court of Appeals erred in its statutory interpretation of KRS 403.211; and (2) the Court of Appeals erred in failing to acknowledge and reconcile the statutory provisions of KRS 403.211.

For the following reasons, we affirm the decision of the Court of Appeals.

### KRS 403.211(15)

This statute states in pertinent part: A payment of money received by a child as a result of a parental disability shall be credited against the child support obligation of the parent. A payment shall not be counted as income to either parent when calculating a child support obligation.

In interpreting KRS 403.211(15),[1] the Court of Appeals stated that a child support credit based upon Social Security disability benefits "may only be taken by the disabled parent from whom the payments stem." This is the case, according to the Court of Appeals, because "these social security benefits in essence step into the shoes of the income lost by the father as a result of his disability." Artrip, however,

---

1. The opinion of the Court of Appeals, rendered April 3, 2009, refers to subsection (14) of KRS 403.211, which is now subsection (15).

contends that the Court of Appeals failed to consider the "clear statutory language" of KRS 403.211(15), which refers to "the parent" and "either parent" as opposed to "the disabled parent." According to Artrip, had the legislature intended to restrict the statute's applicability, it would have done so. However, it appears equally convincing that by use of the word "either" when excluding such payments to be considered in calculating child support but not when dealing with "parental disability," the legislature did not intend to extend the credit to either or both parents. In addition, Artrip argues that the court erroneously relied upon *Miller v. Miller,* 929 S.W.2d 202 (Ky.App.1996) to reach its conclusion.

At the outset, we note that this issue is purely a matter of statutory interpretation. Statutory interpretation is a question of law and this Court reviews it *de novo. Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.,* 250 S.W.3d 321, 325 (Ky.2008).

The great weight of authority, and Kentucky courts have so held, states that Social Security benefits received by a child for a disability sustained by the non-custodial parent may be credited against the non-custodial parent's child support obligation. *Miller,* 929 S.W.2d at 204. *See also* Michael A. DiSabatino, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments,* 34 A.L.R. 5th 447 (1995). However, in this case, the Fayette Circuit Family Court applied a credit to the child support obligation of the *non-custodial* parent for Social Security benefits based upon a disability suffered by the *custodial* parent.

It defies both common sense and the plain wording of the statute to hold that the non-disabled parent is entitled to a credit for his or her child support obligation due to the Social Security disability payments of the disabled parent. Such an interpretation would clearly reach an absurd result. *See Commonwealth v. Reynolds,* 136 S.W.3d 442, 445 (Ky.2004) ("We should not add or subtract from the statute, nor should we interpret the statute to provide an absurd result."). KRS 403.211(15) indicates that disability payments received by the child are to be credited to "the child support obligation" of "the parent." Clearly, the legislature intended that "the parent" receiving the credit is to be the non-custodial disabled parent with the child support obligation.

Furthermore, such reasoning is in line with the nature of Social Security disability benefits. The nature of these benefits was clearly laid out in *Miller,* where the Kentucky Court of Appeals stated:

> Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute as income.

*Miller,* 929 S.W.2d at 204 (quoting *Horton v. Horton,* 219 Ga. 177, 132 S.E.2d 200, 201 (1963)).

In essence, the Social Security disability benefits received on behalf of the parties' minor children are merely a substitute for the wages Noe would have received, but for his disability, and from which his support payments would otherwise have been made. *See Board v. Board,* 690 S.W.2d 380, 382 (Ky.1985); *Wilson v. Stenwall,* 868 P.2d 1317, 1319 (Okla.App.1992) ("Social Security benefits are analogous to private insurance, where a parent insures

against his ability to fulfill moral and legal obligations due his minor children. The payments to a minor child are a direct result of the earnings and payments of the parent through his prior employment.").

We have found no authority, and Artrip points to none, which allows a parent, who is not the disabled party through which the child is receiving Social Security benefits, a credit against child support payments. Here, the Social Security disability benefits were earned by Noe, made on behalf of Noe, and, in fact, paid at least in part with contributions from Noe's own earnings. Thus, we hold that Noe, not Artrip, is entitled to the credit for those benefits against any child support obligation.

### Deviation from child support guidelines

■ Artrip next complains that the Court of Appeals failed to make a finding that the determination of the Fayette Circuit Family Court was "an abuse of discretion, arbitrary, capricious, or otherwise unfair." Specifically, Artrip states that the Court of Appeals gave no direction to the trial court as to how Noe's Social Security benefits were to be considered in the calculation of Artrip's child support obligation. Artrip alleges that the necessary implication of the ruling is that these benefits cannot be considered by the trial court when the obligor is not the disabled parent from whom the benefits are derived.

■ The trial court is vested with broad discretion in the establishment, enforcement, and modification of child support. Accordingly, this Court reviews child support matters under an abuse of discretion standard, i.e., whether the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *McKinney v. McKinney,* 257 S.W.3d 130, 133 (Ky.App.2008).

Child support issues are governed by KRS 403.211, and deviation from the guidelines is governed by subsection 3, which provides in pertinent part:

> A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption and allow for an appropriate adjustment of the guideline award if based upon one (1) or more of the following criteria:
>
> . . .
>
> (d) The independent financial resources, if any, of the child or children;
>
> . . .
>
> (g) Any similar factor of an extraordinary nature specifically identified by the court which would make application of the guidelines inappropriate.

The trial court specifically found: "The children's receipt of Social Security benefits in the sum of $800 per month is a type of independent financial resource that may be considered for deviation from the child support guidelines. . . ."

While this Court is cognizant of the fact that the Court of Appeals has previously recognized supplemental Social Security income as an independent financial resource of the child, we believe that the situation presented in this case is sufficiently distinguishable. *Barker v. Hill,* 949 S.W.2d 896, 897 (Ky.App.1997) ("In determining whether application of the guidelines would be unjust or inappropriate, we believe that an appropriate circumstance to consider is the SSI received by the child as an independent financial resource."). In *Barker,* the Court of Appeals was dealing with supplemental security income. "It is like a welfare program based on need." *Barker* at 897. There, it was a disabled child, not a parent, receiving supplemental Social Security income. In contrast to Social Security benefits awarded to a child due to the contributing

parent's disability, as is the case here, SSI benefits awarded to a disabled child are not intended to replace any lost income. *Paton v. Paton,* 91 Ohio St.3d 94, 742 N.E.2d 619, 621 (2001). Instead, SSI benefits are granted to provide parents of disabled children additional funds to offset the increased financial burden incumbent with children who are physically or mentally disabled. 42 U.S.C. § 1381a (1973).

While Social Security benefits of the type at issue here are arguably a financial resource of a recipient, we do not believe that such benefits are the type of "independent financial resource" that would allow a trial court to deviate from the basic child support guidelines. Indeed, allowing the trial court to consider the Social Security benefits of the disabled parent when calculating the child support obligation of the non-disabled parent would, in effect, nullify the mandate of KRS 403.211(15). As stated earlier, KRS 403.211(15) does not allow the non-disabled parent to receive a child support credit for the Social Security disability payments of the disabled parent. If the trial court instead were to consider these payments as "independent financial resources" of the child, a back door would be created whereby the court essentially gives the non-disabled parent credit for such payments.

The Social Security benefits paid to a child because of a parent's disability are not a mere gratuity. Here, the benefits were generated by Noe's own earnings, with the attendant payment of Social Security taxes. Hence, the payments are properly regarded as a substitute for support payments from Noe's own earnings. Allowing Artrip to receive a credit in this case would frustrate the intent of KRS 403.211(15) and would do little more than create a windfall by diminishing her obligation to pay child support. To hold otherwise would allow the "[m]other [to] di-

rectly benefit by the fruits of [f]ather's labor." *Stenwall,* 868 P.2d at 1319. In other words, it would be illogical to think that the legislature would exempt the parent's disability benefits from being calculated for income purposes under KRS 403.211(15), and yet allow those same benefits to be considered for deviation from the child support guidelines. By finding that the Social Security disability payments constituted "independent financial resources" of the children pursuant to KRS 403.211(3)(d), the Fayette Circuit Family Court abused its discretion.

Accordingly, we affirm the decision of the Court of Appeals and remand this case to the Fayette Circuit Family Court for recalculation of Artrip's child support obligation.

MINTON, C.J.; ABRAMSON and SCHRODER, JJ., concur.

NOBLE, J., concurs in result only by separate opinion, in which SCOTT and VENTERS, JJ., join.

NOBLE, J., concurring in result only.

Initially, the two children involved in this case lived with their mother after their parents' divorce pursuant to an agreement which gave the parties joint custody. At that time, the parties were dealing with child support by agreement. The father was first paying $200 per month in support, which after 24 months increased to $400 per month. In the meantime, the mother remarried, and her new husband was relocated to Florida due to employment. The father also became disabled in the interim.

Due to the mother's relocation, the parties went to a Domestic Mediation to resolve several issues. They agreed that the girls would temporarily reside with the father for the last month of school, and most of the summer, while the mother

relocated to Florida. They agreed that the father would receive the $794 per month the girls were receiving from his disability, and that thereafter, whomever the girls resided with would receive it. They further agreed that the father would completely offset the child support obligation he was previously ordered to pay against these funds. The father sought no further support at that time.

In August, the father filed a motion requesting information about the mother's retirement account, and orally asked the court to set child support. Although she was unemployed at the time, the mother agreed that the child support obligation of the parents could be calculated using her income from her previous job. The trial court calculated support based on KRS 403.212, but decided to deviate from the guidelines because of the income the children were receiving from Social Security. The mother did not find employment in Florida, and returned to Lexington, Kentucky three months later, in November. She returned to her previous employment but at a significantly reduced salary. She then filed a motion to modify child support, and requested the same reduction she had been given based on the children's Social Security income.

The problem with this case is how the court determined what the reduction should be, not with the court's authority to deviate from the guidelines. When the trial judge allowed the initial deviation, which he said was based on the children having independent income, he applied one-third of that income against the mother's support obligation for a reduction. He was not authorized to do this.

Where I do not agree with the majority is its reasoning that children's Social Security benefits cannot be considered to be independent income as the basis for a trial court to deviate from the support guide-

lines. Clearly it can be, if the statute is properly applied. The rule the majority adopts avoids the plain language of the statutes, and can lead to an improper result in the next case.

KRS 403.211(3) provides that a trial court can make a written and specific finding that "application of the guidelines would be unjust or inappropriate in a particular case," and that such a finding would be sufficient to rebut the presumption that the guidelines amount was appropriate. However, that finding must be based on one of several grounds, one of which is the independent financial resources of the children under KRS 403.211(3)(d). The statute does not define what an independent resource is, but for purposes of calculating child support based on the parents' income pursuant to KRS 403.212, "income" includes Social Security benefits. Presumably, such benefits can thus be included in children's independent income. When a trial court determines that the independent income makes the child support guidelines amount unjust, it can deviate.

This case is better understood if one looks at how child support amounts are calculated. First, KRS 403.212(2)(a) provides that the income of each parent must be determined to arrive at "actual gross income." This section, as mentioned above, specifically provides that Social Security benefits must be used to arrive at actual gross income. The actual gross income of each parent is then added together pursuant to KRS 403.212(2)(g) to arrive at the "combined monthly adjusted gross parental income," after allowing for deductions for certain statutory payments to be deducted from the gross income of the parent ordered to make the payments. Then, pursuant to KRS 403.212(3), the combined monthly adjusted gross parental income is applied to the table in KRS 403.212(7) to determine the child support

obligation from that table, which the parents are then ordered to pay "in proportion" to their share of the combined monthly gross parental income. Thus if the father's proportionate share of the combined incomes is 60%, for example, then he would be obligated for 60% of the total child support obligation taken from the table.

The trial court is allowed to deviate from the table amount of child support when it finds that "application of the guidelines would be unjust or inappropriate," KRS 403.211(3), or when the adjusted parental gross income exceeds "the uppermost levels of the guideline table." KRS 403.212(5). It is the *total amount of support* (table amount) from which the court can deviate, not the individual support obligation of one parent.

In application, this means that if the table amount for child support is $600 from both parents, the trial court can consider the child's independent income to reduce the table amount to $500, for example, if that would be just and appropriate. Then each parent would still pay his or her proportionate share of that amount based on his or her share of the combined gross parental income. In this manner, the court can make an equitable reduction that relieves both parents of some amount of table support which is offset by the children's independent income to some degree.

In addition to this reduction, however, if the income comes from Social Security based on disability, the disabled parent is entitled to offset dollar for dollar the amount of his child support against the independent income that comes to the child through him pursuant to KRS 403.211(15). Here, this would probably zero out the father's support obligation based on his proportionate share of the combined gross parental income.

Unfortunately, what the trial judge stated on the record was that he was *reducing the mother's support obligation* by one-third of the children's Social Security benefits. The majority is correct that he cannot do this, and that there is no statutory basis to do so. This does not mean, however, that in an appropriate case those benefits could not be considered by the trial court to deviate from the total support amount from the table. Had the trial court made written findings on the record as to why the independent income of the children made the total monthly support obligation from the table unjust or inappropriate, he would have been well within his discretion pursuant to KRS 403.211(3).

Consequently, due to the specific facts of this case, I agree with the result reached by the majority, but cannot agree with its legal reasoning, which I believe sets bad precedent.

SCOTT and VENTERS, JJ., join this opinion, concurring in result only.