RENDERED: SEPTEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0130-MR

ROBERT EUGENE ALLEY                                                     APPELLANT

v.                  APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE SHEILA N. FARRIS, JUDGE
ACTION NO. 17-CI-00197

JULIA MADELLE ALLEY                                                       APPELLEE

AND

NO. 2021-CA-0226-MR

JULIA MADELLE ALLEY                                                CROSS-APPELLANT

v.            CROSS-APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE SHEILA N. FARRIS, JUDGE
ACTION NO. 17-CI-00197

ROBERT EUGENE ALLEY                                               CROSS-APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND JONES, JUDGES.

GOODWINE, JUDGE:  Robert Eugene Alley ("Robert") appeals from the findings of fact, conclusions of law, and decree of dissolution of the Henderson Family Court awarding Julia Madelle Alley ("Madelle") permanent maintenance and requiring Robert to maintain a life insurance policy with Madelle as a 50% beneficiary.  After careful review, we vacate those portions of the family court's decree.

Robert and Madelle were married on August 12, 1984, in Missouri. On April 5, 2017, Robert filed a petition for dissolution of marriage in the Henderson Family Court.  Robert was 61 years old and worked as a psychiatrist. Madelle was 53 years old and never worked outside of the home after the first child was born.  On August 29, 2018, the family court held an evidentiary hearing and took the matter under advisement.  Approximately twenty-two months later, the family court entered its findings of fact, conclusions of law, and decree of dissolution.  The lengthy delay resulted from Robert's inquest into whether the parties' marriage was valid, which involved a declaratory action in Missouri. During the pendency of the Missouri case, the family court declined to rule on any of the parties' motions.

-2-

After the Missouri court declared the parties' marriage valid, the family court requested updated verified financial disclosures. On June 11, 2020, the family court entered the decree. Relevant to this appeal, the court awarded Madelle permanent maintenance and required Robert to maintain a life insurance policy with Madelle as 50% beneficiary.

Madelle then filed motions to alter, amend, or vacate the decree. On January 11, 2021, the family court entered an order granting in part and denying in part her motions. None of the issues addressed in that order are pertinent to this appeal. This appeal and cross-appeal followed.

On appeal, Robert argues the family court abused its discretion in: (1) awarding Madelle maintenance; (2) alternatively, making the maintenance award permanent; and (3) ordering Robert to continue a life insurance policy with Madelle as 50% beneficiary.

First, Robert argues the family court abused its discretion in awarding Madelle maintenance. We review an award of spousal maintenance for abuse of discretion. *Naramore v. Naramore*, 611 S.W.3d 281, 286 (Ky. App. 2020). "Abuse of discretion occurs when the circuit court's decision is 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010).

Kentucky Revised Statute (KRS) 403.200(1) governs when a family court may award a spouse maintenance:

> (1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> > (a) Lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs; **and**
> >
> > (b) Is unable to support [herself] through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

(Emphasis added.) If the spouse requesting maintenance meets both requirements, then the family court must consider the relevant factors in KRS 403.200(2) in setting the amount and duration of the maintenance award.

The family court applied KRS 403.200(1) and found, "[w]ith the exception of her lack of effort to reeducate herself and gain employment she has been provided marital property to support her reasonable needs." Record ("R.") at 975. The court stated Madelle would receive approximately $594,000. Madelle "had 3 years to seek training or education to improve her employability." *Id.* Thus, the court found Madelle received "substantial marital property but is not yet employed for which she bears the responsibility." *Id.*

Despite making findings that Madelle had been apportioned substantial marital property to meet her reasonable needs and that she bore responsibility for her lack of employment, the family court awarded Madelle "a small amount of rehabilitative maintenance" because she was not yet employed. *Id.* The family court then applied the factors in KRS 403.200(2) in awarding Madelle permanent "maintenance in the amount of $3,000.00 per month until death, remarriage or cohabitation or as otherwise modifiable under Kentucky Revised Statutes." *Id.* at 976.

The family court abused its discretion because its analysis under KRS 403.200(1) does not support its decision to award Madelle maintenance. The statute requires the requesting spouse both lack sufficient property to provide for her reasonable needs *and* is unable to support herself through appropriate employment. The family court found Madelle had "been awarded a *substantial* amount [of marital property] to provide for her needs." R. at 975 (emphasis added). Thus, Madelle clearly does not meet the first requirement of KRS 403.200(1)(a). We need not address the employment prong of KRS 403.200(1) because the statute requires the requesting spouse meet both prongs for an award of maintenance. As such, the family court clearly abused its discretion in awarding Madelle maintenance as its findings under the statute do not support the award.

Second, Robert argues the family court abused its discretion in ordering him to continue to maintain a $500,000.00 term life insurance policy on himself with Madelle as a 50% beneficiary. Citing *Weldon v. Weldon*, 957 S.W.2d 283 (Ky. App. 1997), Robert argues his obligation to continue the life insurance policy on behalf of Madelle must be for the purpose of securing his maintenance obligation to her should he predecease her. The facts of this case are distinguishable.

Although we disagree with Robert's reasoning, we agree the family court abused its discretion in obligating him to maintain a life insurance policy for Madelle's benefit. "[A] term policy with no cash or present value . . . is not property and not subject to division under KRS 403.190(2) and (3)." *Davis v. Davis*, 775 S.W.2d 942, 944 (Ky. App. 1989). Insurance proceeds are not realized as property until "after death, and therefore [are] not acquired during the marriage." *Id.* In *Davis*, this Court held:

> Even if [husband] had disclosed the policies to the trial court during the pendency of the litigation, the trial court could not, we believe, have required that he maintain [wife] as a beneficiary of a portion of the proceeds under the facts of this case. A named beneficiary acquires no right other than a defeasible vested interest, a mere expectancy.

775 S.W.2d at 944.

Under *Davis*, Robert's term life insurance policy was not property subject to division. As Madelle only has a mere expectancy in the payout of the policy, the family court lacked the authority to require Robert to maintain Madelle as a beneficiary of 50% of the proceeds. Thus, we vacate this portion of the family court's decree.

On cross-appeal, Madelle argues the following findings of the family court were not supported by substantial evidence: (1) it was unclear whether she applied for employment; (2) she provided no testimony that she was unable to work; (3) she had three years to seek training or education to improve her employability; and (4) it was her fault she had no income. Additionally, Madelle argues the family court improperly considered credit card statements Robert filed after the final hearing in finding Madelle's lifestyle had not changed in three years.

First, we address Madelle's arguments that certain findings in the decree were unsupported by substantial evidence. "We may not disturb the trial court's factual findings unless they are manifestly against the weight of the evidence or not supported by substantial evidence. 'Substantial evidence' is evidence of substance and relevant consequence sufficient to induce conviction in the minds of reasonable people." *McGregor v. McGregor*, 334 S.W.3d 113, 116 (Ky. App. 2011) (internal quotation marks and citation omitted).

Additionally, the family court as fact finder has great latitude in weighing evidence:

> Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, due regard shall be given to the opportunity of the [family] court to judge the credibility of the witnesses because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the [family] court.

*Jones v. Jones*, 617 S.W.3d 418, 424-25 (Ky. App. 2021) (quoting *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003)).

Madelle takes issue with the family court's findings that (1) it was unclear whether she applied for employment; (2) she provided no testimony that she was unable to work; (3) she had three years to seek training or education to improve her employability; and (4) it was her fault she had no income. Based on our review, the only evidence Madelle presented regarding the reasons for her lack of employment was her own testimony. She did not provide any documentation of her job applications, her health conditions, or that she was unable to work. Madelle did not provide any expert testimony or testimony from her treating physician to support her claims that she was unable to work due to health-related issues. The family court weighed the credibility of Madelle's testimony and did not find it credible. Thus, it was reasonable for the family court to reach these findings and conclude that Madelle bore responsibility for her lack of employment.

Furthermore, it seems Madelle contests these factual findings in an attempt to prove she is unable to support herself through appropriate employment as required by KRS 403.200 for an award of maintenance. As we held that Madelle is not entitled to maintenance because the family court found she had sufficient property to provide for her reasonable needs, the family court's findings regarding her lack of employment do not affect the result.

Finally, Madelle takes issue with the family court's finding that her lifestyle had not changed during the three years this action was pending. She argues the family court improperly considered credit card statements attached to Robert's motion for contempt, which he filed after the evidentiary hearing. Madelle asserts there was no hearing or opportunity for her to respond to the motion. Madelle cites no law in support of her argument.

Madelle does not assert this factual finding would change any of the family court's legal conclusions. The family court previously warned Madelle that her spending habits met the standard for dissipation of marital assets. Even if the family court erred in relying on the credit card statements, the family court's statement that Madelle spent much of Robert's income on the parties' joint credit card did not appear to affect any portion of the division of marital assets. Thus, even if the family court erred in making this finding, it was harmless.

For the foregoing reasons, we vacate the portions of the Henderson Circuit Court's decree obligating Robert to pay Madelle maintenance and maintain life insurance with her as a 50% beneficiary.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Austin P. Vowels
M. Alexander Russell
Henderson, Kentucky

BRIEF FOR APPELLEE:

Allison B. Rust
Henderson, Kentucky