RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0868-MR

JEFFREY SMITH                                                      APPELLANT

APPEAL FROM CARTER CIRCUIT COURT
v.       HONORABLE JENIFFER BARKER NEICE, JUDGE
ACTION NO. 20-CI-00181

LORI SMITH                                                        APPELLEE

AND

NO. 2021-CA-0906-MR

LORI SMITH                                                  CROSS-APPELLANT

CROSS-APPEAL FROM CARTER CIRCUIT COURT
v.       HONORABLE JENIFFER BARKER NEICE, JUDGE
ACTION NO. 20-CI-00181

JEFFREY SMITH                                              CROSS-APPELLEE

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: JONES, MAZE, AND MᴄNEILL, JUDGES.

MᴄNEILL, JUDGE: Jeffrey Smith ("Jeffrey") appeals from a Carter Circuit Court judgment which held various debts incurred during his marriage to appellee/cross-appellant Lori Smith ("Lori") to be his nonmarital debt. Lori cross-appeals from the same judgment, arguing she was entitled to maintenance. Finding no error, we affirm.

Jeffrey and Lori divorced on November 25, 2020, after being married for forty years. Following the entry of the decree of dissolution of marriage, the family court held a hearing to determine division of marital property, allocation of debts, and maintenance. Lori testified that she is disabled and receives $1,200.00 in social security benefits each month and that her monthly expenses are $1,765.00.

Jeffrey's disclosure statement listed his monthly income as $3,200.00 but he testified that he was currently unemployed. He had most recently worked as a plumber and expected to return to work soon. He also admitted to receiving a $4,000.00 payroll protection loan for his business, Smith Construction, but claimed he was not doing work for the company. Jeffrey claimed monthly expenses of

$4,287.82 but the testimony revealed, and the trial court found, his monthly expenses to be $2,918.00.

During their marriage, the parties owned and operated several businesses, including a daycare, a grocery, and a hardware store ("Smith Hardware"). By the time of the divorce, all three businesses (or their assets) had been sold and the parties were heavily in debt, almost all of it associated with Smith Hardware. Lori primarily worked at the daycare until it was sold to pay off the debts of the grocery. At that point, Lori began working at Smith Hardware with Jeffrey, although the level of her involvement was disputed.

Lori testified that for the first eight years at Smith Hardware she worked behind the counter and answered the phones. However, for the last two years she was not involved at all and had no knowledge of the store's debts. Jeffrey claimed that Lori was responsible for managing the store's finances and purchasing inventory and was fully aware of the debts it incurred. The total debt associated with Smith Hardware was approximately $192,000.00, including a $12,697.00 judgment lien owed to First National Bank for a loan used to purchase a forklift for the store.

Following the hearing, the trial court entered findings of fact, conclusions of law, and a judgment, finding that the debts associated with Smith Hardware were Jeffrey's nonmarital debt because Jeffrey had not met his burden of

showing the debts were marital.  The court also declined to award maintenance to Lori, finding that Jeffrey did not have the ability to pay maintenance based upon his substantial debt.  Jeffrey appealed and Lori cross-appealed.

Turning first to Jeffrey's appeal, he argues the trial court erred in ruling the judgment lien was nonmarital debt.  We review issues pertaining to the assignment of debts incurred during the marriage under an abuse of discretion standard.  *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 523 (Ky. 2001), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018).  The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Artrip v. Noe*, 311 S.W.3d 229, 232 (Ky. 2010).

As an initial matter, we must address the deficiency of Jeffrey's appellate brief.  His argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR[1] 76.12(4)(c)(v).  We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration.  It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether

---

[1] Kentucky Rules of Civil Procedure.

palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone,* 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine Jeffrey's argument was properly preserved, we will ignore the deficiency and proceed with the review.

"Questions of whether . . . debt is marital or nonmarital are left to the sound discretion of the trial court[.]" *Rice v. Rice*, 336 S.W.3d 66, 68 (Ky. 2011). Factors a trial court may consider when determining how to assign a debt include:

> (1) Was the debt incurred for the purchase of marital property? (2) Was the debt necessary to maintain and support the family? (3) What was the extent and participation of each party in incurring or benefitting from the debt? and (4) What are the economic circumstances of the parties after divorce to allow for payment of the debt?

*Id.* at 69 (citing *Neidlinger*, 52 S.W.3d at 523). "The burden of proving that a debt is marital is upon the party that incurred it and now claims it is marital." *Id.* at 68 (citation omitted).

The trial court considered these factors and determined Jeffrey had not met his burden in proving the debts associated with Smith Hardware, including the judgment lien, were marital. It found that the debts were not incurred for the purchase of marital property, but business property and that Jeffrey had presented no evidence that the debts were necessary to maintain or support the family. It further found that Lori had not participated in incurring the debts, crediting her testimony to the same. It noted that Jeffrey presented no evidence contradicting Lori's claim, or evidence that she personally benefited from the debts. Finally, the court found that neither party could afford to pay the debts, considering the amount of debt compared to the parties' incomes.

Jeffrey argues the trial court abused its discretion in finding the judgment lien nonmarital. Specifically, he cites the trial court's finding that the debts were incurred for the purchase of business property and argues that since the hardware store was the couple's primary source of income, any debt incurred for the business would "presumably . . . ultimately support them and purchase marital property." However, it was Jeffrey's burden to prove that the debts were incurred to support or maintain the family or purchase marital property.

Here, there is no evidence the debt associated with the judgment lien was necessary to maintain and support the family. Jeffrey testified that the debt was for the purchase of a forklift but while conceivably understandable, there was

-6-

no testimony as to whether the forklift was necessary to the operation of the hardware store, much less how the forklift was necessary to the maintenance and support of the family. In addition to concluding that there was no evidence incurring the debt was necessary to maintain or support the family, the trial court found the debt was incurred to purchase business, not marital property, and that Jeffrey, not Lori, had incurred the debt. We cannot say the trial court abused its discretion in determining the judgment lien was Jeffrey's nonmarital debt.

As to Lori's cross-appeal, she argues the trial court erred by not awarding her maintenance. We disagree. "The decision of whether to award maintenance is within the trial court's discretion and we may disturb that ruling only if the trial court abused its discretion or made its ruling based on clearly erroneous findings of fact." *Smith v. Smith*, 235 S.W.3d 1, 17 (Ky. App. 2006) (citing *Powell v. Powell*, 107 S.W.3d 222, 224 (Ky. 2003)). Maintenance is governed by KRS[2] 403.200, which provides that maintenance may be awarded only if the court finds that the party seeking maintenance: "(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (b) Is unable to support himself through appropriate employment . . . ."

---

[2] Kentucky Revised Statutes.

Here, the trial court found that Lori did not have sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment because of her disability. However, it further found that Jeffrey lacked the ability to pay maintenance because of his substantial business debt and therefore declined to award maintenance. Lori argues the trial court should not have considered Jeffrey's business debts in determining whether to award maintenance because Jeffrey testified that he was considering bankruptcy.

While Jeffrey did testify that he had considered bankruptcy and believed that bankruptcy might be the parties' best option, he also stated that he had never been able to bring himself to file for bankruptcy in the past, and Lori has not alleged Jeffrey has filed for bankruptcy as of the time of the appeal. In awarding maintenance, "[t]he ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance" is an important factor to be considered by the court. KRS 403.200(2)(f).

Here, the trial court determined that Jeffrey's expenses exceeded his income due to his substantial business debt. The court found Jeffrey's monthly income to be $3,200.00 and reasonable monthly expenses to be $2,918.00. The $192,000.00 of debt associated with Smith Hardware was allocated to Jeffrey. The trial court properly considered Jeffrey's ability to meet his own needs when awarding maintenance. In making its decision, the trial court acknowledged other

KRS 403.200(2) factors, including the substantial length of and decent standard of living during the marriage, but noted the parties were "deeply in debt and appear to have lived well beyond their means." Thus, the trial court placed higher weight on this factor relative to the others. Considering the amount of the debt and Jeffrey's financial resources, we cannot say the trial court abused its discretion in prioritizing this factor and declining to award maintenance.

Based upon the foregoing, the judgment of the Carter Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT/CROSS-APPELLEE: | BRIEF FOR APPELLEE/CROSS-APPELLANT: |
|---|---|
| Derrick E. Willis | MaLenda S. Haynes |
| Grayson, Kentucky | Grayson, Kentucky |